IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                                                          No. 28,892

SILAS BEDAH,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant appeals his conviction for driving while under the influence of intoxicating liquor or drugs (DWI). Our notice of proposed disposition proposed to affirm and Defendant filed a timely memorandum in opposition and motion to amend the docketing statement, pursuant to a granted motion for extension of time. We deny

Defendant's motion to amend. We remain unpersuaded by Defendant's arguments and therefore affirm.

**Issue A:** Defendant continues to argue that there was a lack of sufficient evidence to support his conviction for DWI. [DS 3; MIO 4]

We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). Under this standard, "[w]e view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). We do not reweigh the evidence, nor substitute our judgment for that of the factfinder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 107 N.M. at 131, 753 P.2d at 1319.

Defendant's conviction for DWI requires that Defendant operated a motor vehicle and that, at the time, Defendant was under the influence of intoxicating liquor —that is, as a result of drinking liquor, Defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand

necessary to handle a vehicle with safety to the person and the public. [RP 172] *See* NMSA 1978, § 66-8-102(A) (2007) (amended 2008). [MIO 4] Alternatively, the conviction for DWI requires that Defendant operated a motor vehicle and that, at the time, had an alcohol concentration of .08 grams or more in two hundred ten liters of breath within three hours of driving the vehicle. [RP 173] *See* § 66-8-102(C)(1). [MIO 4]

The facts provide that Officer Bedoni stopped Defendant after observing Defendant driving his car at night without headlights. [DS 2; MIO 2] Officer McGaha testified that she subsequently arrived at the scene, observed Defendant sitting in the driver's seat of his vehicle [RP 144, 146], and was informed by Officer Bedoni as to the reason for the stop, driving without headlights. [DS 2; RP 146] Officer McGaha observed that Defendant had bloodshot, watery eyes and smelled of alcohol. [DS 2; MIO 2] Defendant admitted that he drank "a Texas Tea and 2 Beers." [RP 11, 143, 145] Officer McGaha administered field sobriety tests which Defendant failed. [DS 2; MIO 2] Officer McGaha also administered breath-alcohol tests, with results of .09 and .08. [DS 2]

We hold that the foregoing facts support Defendant's conviction for DWI. *See* *State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining

substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction); *see also State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction based on behavior evidence when the defendant smelled of alcohol, had bloodshot and watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes); *State v. Christmas*, 2002-NMCA-020, ¶ 18, 131 N.M. 591, 40 P.3d 1035 (recognizing that Section 66-8-102(C) describes the per se offense of driving with an alcohol concentration of .08 or more in blood or breath).

Although Defendant's blood test showed a reading within the legal limits of .07 [MIO 5], it was within the jury's prerogative to rely instead on Defendant's failed breath test or upon behavioral evidence to convict Defendant for DWI. *See generally State v. Foster*, 1999-NMSC-007, ¶ 42, 126 N.M. 646, 974 P.2d 140 (recognizing that it is up to the jury to weigh any contradictory evidence). In this regard, we note that the jury reasonably could have elected not to rely on the blood test as a reliable indicator of whether Defendant was intoxicated at the time of driving given that it was administered two hours after the initial stop. [RP 156, 159] Further, the jury may have assessed that the breath test, which was taken closer to the time of driving [RP

144-46,159; MIO2], was more accurate [MIO 5] due to differences in how persons metabolize alcohol. [RP 156-57] *See generally State v. Hughey*, 2007-NMSC-036, ¶ 12, 142 N.M. 83, 163 P.3d 470 (recognizing that the passage of time between driving and testing can affect whether blood-alcohol tests accurately reflect blood-alcohol levels at the time of driving); *State v. Martinez*, 2002-NMCA-043, ¶ 14, 132 N.M. 101, 45 P.3d 41 (noting that "it takes time for alcohol to be absorbed into the bloodstream, depending on any number of physiological and situational factors").

Nor do we agree with Defendant's assertion that there was a lack of evidence to show that he had been driving even if there was no testimony that he had any keys. [MIO 4-5; RP 150] As noted earlier in this opinion, Officer McGaha testified that she arrived at the scene [MIO 2] and observed Defendant in the driver's seat [RP 144, 146], which is sufficient evidence that the jury could have relied upon to determine that Defendant had been driving. We believe that it was the jury's prerogative, as factfinder, to weigh any lack of keys against other evidence indicating that Defendant had been driving. *See State v. Nichols*, 2006-NMCA-017, ¶ 11, 139 N.M. 72, 128 P.3d 500 (recognizing that the jury, as trier of fact, is entitled to weigh conflicting evidence).

Moreover, as further evidence of driving, Officer McGaha testified that she was informed by Officer Bedoni that Defendant was stopped for driving without headlights. [DS 2] We recognize Defendant's continued assertion that the latter testimony was inadmissible hearsay. [DS 3; MIO 5] Nonetheless, such evidence was admitted and therefore properly considered in determining whether there was sufficient evidence before the jury. *See State v. Post*, 109 N.M. 177, 181, 783 P.2d 487, 491 (Ct. App. 1989) (recognizing that, in reviewing the sufficiency of the evidence, the appellate court looks at all evidence admitted, including wrongfully admitted evidence). To the extent Defendant argues the evidence was hearsay and was admitted in violation of his right to confrontation, we address that argument in our discussion on the motion to amend.

**Motion to amend.** Defendant seeks to amend his docketing statement to argue that the admission of Officer McGaha's reference to Officer Bedoni's statement that Defendant was stopped for driving without headlights constituted inadmissible hearsay that violated his right to confrontation. [MIO 5] To the extent Defendant asserts that he preserved this issue by objecting on hearsay grounds below [MIO 6], we disagree. Although Defendant, before trial, raised a concern that Officer McGaha's testimony would be hearsay [RP 142; MIO 3], the record indicates that

6

defense counsel did not pursue the issue further after agreeing to the district court's suggestion that the issue could be resolved by playing the testimony from the first trial at the second trial. [RP 142-43; MIO 3] Defendant's failure to raise any hearsay objection during trial, as well as defense counsel's reference to Defendant being pulled over for driving without headlights [RP 143, 160], reflects this agreement. *See State v. Vallejos*, 1998-NMCA-151, ¶ 31, 126 N.M. 161, 967 P.2d 836 (holding that the issue was not preserved for appeal when defense counsel did not renew his objection to the discovery violation).

Recognizing that he may not have adequately preserved his hearsay and confrontation challenge, Defendant asks this Court to review the issue as a matter of plain error. [MIO 6] We do not agree that a plain-error review merits a determination that Defendant's right to confrontation was violated. [MIO 6] *See generally State v. Contreras*, 120 N.M. 486, 492, 903 P.2d 228, 234 (1995) (providing that the plain-error rule applies only if the alleged error affected the substantial rights of the accused), *limited on other grounds as recognized by State v. Rackley*, 2000-NMCA-027, ¶ 25, 128 N.M. 761, 998 P.2d 1212. In this regard, even if Defendant's Sixth Amendment right of confrontation was violated, any error was harmless because ample evidence supports Defendant's DWI conviction—namely, Officer McGaha's

observation of Defendant in the driver's seat, Defendant's bloodshot and watery eyes, the smell of alcohol, his failure to pass the field sobriety tests, his admission to drinking, and Defendant's breath-alcohol test results of .09 and .08. Based on the foregoing discussion, we deny Defendant's motion to amend. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (providing that issues sought to be presented must be preserved and viable).

**Conclusion.** For reasons set forth herein and in our notice, we affirm.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**

8