2007-NMSC-036

163 P.3d 470

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Jay Ann HUGHEY, Defendant–Respondent.**

No. 29,344.

Supreme Court of New Mexico.

June 20, 2007.

Gary King, Attorney General, Anita Carlson, Assistant Attorney General, Santa Fe, NM, for Petitioner.

John Bigelow, Chief Public Defender, Meg Bailey, Assistant Public Defender, Linda Yen, Assistant Public Defender, Albuquerque, NM, for Respondent.

## OPINION

MAES, Justice.

{1} This matter is before this Court on the State's interlocutory appeal from the trial court's exclusion of evidence. *See* NMSA 1978, § 39–3–3(B)(2) (1972) (allowing appeals from a decision or order suppressing or excluding evidence). In this case, we review the decision of the trial court to grant Defendant's pretrial request to exclude the results of her blood alcohol content (BAC) test, administered four hours after Defendant collided with another motorist. Because we find the trial court made factual findings that should have been reserved for the jury and improperly engaged in weighing the credibility of witnesses, we reverse the trial court's exclusion of Defendant's BAC test results and remand for further proceedings consistent with this Opinion.

## FACTS AND PROCEEDINGS BELOW

{2} On July 20, 2002, at approximately 11:30 p.m., Defendant was involved in an automobile accident when her vehicle collided with a motorcycle, killing the driver of the motorcycle. Defendant was transported to the hospital and treated for injuries. Defendant's blood was drawn four hours after the accident, at 3:30 a.m. on July 21, 2002, and later subjected to a blood test. Defendant's BAC measured .10. Defendant was taken to the police department where she waived her Miranda rights and gave a tape-recorded statement to police. In her taped statement, Defendant admitted that she drank about two beers at approximately 8:30 p.m. Defendant was charged with homicide by vehicle, contrary to NMSA 1978, § 66–8–101(A) (1991), aggravated driving while under the influence of intoxicating liquor or drugs (DUI), contrary to NMSA 1978, § 66–8–102(D)(2) (2002), and three counts of child abuse, contrary to NMSA 1978, § 30–6–1(D) (2001, prior to amendments through 2005).

{3} Defendant filed a Motion in Limine requesting the trial court to exclude the results of her BAC test. As grounds for excluding her BAC test results, Defendant stated that the relevancy of the results was to establish her BAC at the time of driving. Defendant argued that to be relevant, the results would have to make it "more or less likely that the Defendant's BAC four hours earlier, at 11:30 p.m., was .08 or above, the *per se* limit for [DUI], § 66–8–102(C) NMSA 1978." Relying on *State v. Baldwin,* 2001–NMCA–063, 130 N.M. 705, 30 P.3d 394, Defendant asserted that when a BAC test result is marginal and there is a delay of two hours or more between the time of driving and the time a defendant's blood is drawn, a jury cannot convict of per se DUI without corroborating evidence in the form of either behavioral evidence demonstrating that the defendant was intoxicated at the time of driving or expert testimony. Because there is no behavioral evidence of intoxication in this case, Defendant argued that for the test result to be admissible, an expert must corroborate that her BAC of .10 is relevant to establish her BAC at the time of driving. Defendant insisted that it is impossible for an expert to relate her test results of .10 back to the time of driving, because such a retrograde extrapolation "is not scientifically reliable [when certain variables are unknown], and therefore fails to meet the admissibility standards set forth in *State v. Alberico,* 116 N.M. 156, 861 P.2d 192 (1993)."

{4} The trial court held a hearing on Defendant's Motion in Limine. At the hearing, both Defendant and the State presented testimony of expert witnesses. Defendant presented testimony from Dr. Edward Reyes, whom the trial court accepted as an expert in pharmacokinetics. Dr. Reyes testified that based on Defendant's statement to police that she had two beers at 8:30 p.m. and her BAC of .10 at 3:30 a.m., her BAC at the time of the accident cannot be known. Dr. Reyes testified that he could not make an educated

guess as to Defendant's BAC at 11:30 p.m. because there were too many unknown variables, including whether or not Defendant had food in her stomach, whether she was on medication, Defendant's metabolic rate, as well as how much alcohol she had consumed. Additionally, Dr. Reyes testified that Defendant's BAC could have been affected by shock which could have stopped the absorption of alcohol.

{5} In response, the State presented testimony by Curtis Caylor, who was qualified as an expert in the field of toxicology. Caylor testified that in order to determine Defendant's BAC at 11:30 p.m. through the process of retrograde extrapolation, several assumptions would have to be made. The two major assumptions were that Defendant had been drinking over a period of time, and that she had no alcohol to drink after the accident. While Caylor could not testify as to Defendant's rate of alcohol absorption, he stated that in most cases, alcohol is absorbed anywhere between fifteen minutes to an hour after it has been drunk. Caylor advanced that the generally accepted time to reach peak alcohol level is fifteen minutes to an hour after the alcohol is ingested. Additionally, Caylor testified that if Defendant suffered from shock due to the accident, the effect if any, would be to slow down her rate of alcohol absorption slightly, not stop it. Caylor also disagreed with Dr. Reyes as to the effect of food in the stomach; he testified that the presence of food in the stomach would slow, not stop, the absorption of alcohol.

{6} After listening to both experts, the court made an oral ruling granting Defendant's motion at the close of the hearing:

As to this motion, I don't read *State v. Baldwin* as primarily dicta. It looks to me like the issues that were faced in *Baldwin* are precisely the issues that we must face here. And to quote several sections of *Baldwin*: "The State must prove a nexus between a blood alcohol content of .08 or more and the time Defendant operated a motor vehicle." Timing is also an essential element for a conviction under Section 66–8–102(A).... The defendant in *Baldwin* argued "that the essential element of tim-

ing or relation back to the time of driving required direct proof, and that in the absence of such evidence the State left the element of timing to jury speculation," and the Court of Appeals' opinion seems to agree with that argument.... In the *Baldwin* case, there was no articulable corroborating evidence, and Baldwin's objections were sustained.... Finally, in considering the testimony of Dr. Reyes and Mr. Curtis, I find Dr. Reyes' testimony compelling, given the study that he has, studies he has been doing, and teaching for over twenty-five years. And the motion will be granted, relating to any testimony on that issue.

The court entered a written order excluding Defendant's BAC test results and the State appealed pursuant to Section 39–3–3(B)(2).

{7} The Court of Appeals affirmed the trial court's decision to exclude Defendant's .10 BAC result. The Court reasoned that *Baldwin* and subsequent cases addressing the question of what constitutes sufficient evidence of BAC at the time of driving when there is a significant delay between driving and testing of BAC, "provide context for determining the admissibility of BAC evidence." *State v. Hughey*, 2005–NMCA–114, ¶ 7, 138 N.M. 308, 119 P.3d 188. The Court stated that when there is a delay between the time a defendant operated a motor vehicle and the time a defendant's BAC is tested, "the state must prove a nexus between the defendant's BAC score and the time of driving through evidence corroborating the inference that the defendant's BAC at the time of driving was at the statutory level of 0.08 or above." *Id.* ¶ 8 (citing *Baldwin*, 2001–NMCA–063, ¶¶ 4, 14, 24). One method of proving a nexus between the time of driving and the results of a defendant's BAC test may be retrograde extrapolation. *Id.* ¶ 2. The Court went on to explain that the issue in this case is not the admissibility of expert testimony on retrograde extrapolation, but rather the admissibility of Defendant's BAC result. *Id.* ¶ 9. However, according to the Court, these issues are necessarily intertwined "because, under the *Baldwin* line of cases, the BAC taken four hours after the accident is relevant only if it tells the fact finder something about Defendant's BAC at

the time of the accident." *Id.* Thus, the Court turned to *State v. Alberico*, 116 N.M. 156, 861 P.2d 192 (1993), which describes the "three prerequisites for admission of expert testimony: (1) the expert must be qualified, (2) the scientific evidence must assist the trier of fact, and (3) the expert may only testify to scientific, technical or other specialized knowledge." *Id.* ¶ 10. The Court stated that only the second criteria, whether the evidence would assist the trier of fact, was in issue in this case. *Id.* The Court concluded that the trial court was faced with the conflicting testimony of two experts and stated that "[w]hile it is ordinarily for the jury to resolve conflicting testimony, here, the testimony of the State's expert was so vague and general as to provide no real assistance to the trier of fact." *Id.* ¶ 11. In light of the State's expert's "vague" testimony, the Court determined that there was no evidentiary nexus between Defendant's BAC at the time of driving and that her BAC results would have no meaning to the jury. *Id.* ¶ 12. Thus, the Court held that the trial court's exclusion of Defendant's BAC was not an abuse of discretion. *Id.*

{8} The State petitioned this Court for review, arguing that the trial court judge "erred as a matter of law and usurped the role of the jury in essentially granting a 'pretrial directed verdict,' based upon his believing Defendant's expert that there were too many unknown factual variables to make an accurate retrograde extrapolation in this particular case." We granted certiorari in order to review the role of a trial court in excluding BAC evidence.

**DISCUSSION**

{9} The admission or exclusion of evidence is within the discretion of the trial court. On appeal, the trial court's decision is reviewed for abuse of discretion. *State v. Armendariz*, 2006–NMSC–036, ¶ 6, 140 N.M. 182, 141 P.3d 526. However, we review de novo "the threshold question of whether the trial court applied the correct evidentiary rule or standard." *State v. Torres*, 1999–NMSC–010, ¶ 28, 127 N.M. 20, 976 P.2d 20.

{10} The State asserts that the trial court improperly excluded Defendant's BAC result when the State's and Defendant's experts differed—not on the validity of retrograde extrapolation under *Alberico*—but on whether sufficient facts were known in this particular case to accurately apply retrograde extrapolation. Defendant responds that the trial court's exclusion of Defendant's BAC was an appropriate exercise of the court's gatekeeping function and that the court had a two-fold basis for its decision: (1) the testimony of the State's witness was not competent enough to satisfy Rule 11–702 NMRA and *Alberico*, and (2) even if the State's witness could pass under Rule 11–702 and *Alberico*, the evidence would be more prejudicial than probative, under Rule 11–403 NMRA, given the speculative nature of that testimony. We take this opportunity to clarify the scope of the trial court's gatekeeping authority to exclude evidence prior to trial.

{11} A trial court's authority to rule on pretrial motions in criminal matters is outlined in Rule 5–601 NMRA. According to Rule 5–601(B), "[a]ny defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion." Rule 5–601(B) NMRA. This Court has held that where a motion involves factual matters that are not capable of resolution without a trial on the merits, the trial court lacks the authority to grant the motion prior to trial. *State v. Gomez*, 2003–NMSC–012, ¶ 8, 133 N.M. 763, 70 P.3d 753; *see also State v. Foulenfont*, 119 N.M. 788, 790, 895 P.2d 1329, 1331 (Ct.App. 1995) (holding that the trial court had authority to consider, prior to trial, the purely legal issue of whether burglary charges could be predicated on unauthorized entry by climbing over a fence, and had authority to dismiss the charges). With the restrictions of Rule 5–601(B) as our backdrop, we examine the issue of whether the court had the authority to exclude Defendant's BAC in this case.

{12} The relevant criminal statute in this case is Section 66–8–102, which states that it is unlawful for "a person who has an alcohol concentration of [.08] or more in his blood or breath to drive a vehicle within this state." NMSA 1978, § 66–8–102(C)(1) (2005). If relying on the results of a blood test to obtain a conviction for DUI under Section 66–8–102(C)(1), the State must prove beyond a

reasonable doubt that, at the time Defendant was operating her vehicle, she had a BAC of .08 or more. *See* UJI 14–4503 NMRA; *see also Baldwin,* 2001–NMCA–063, ¶ 8 ("Timing is an essential element of the crime."). In *Baldwin,* the Court of Appeals held that the State must provide evidence to link Defendant's BAC back to the time of driving when there is a significant delay between the time of driving and when a defendant's BAC is tested and the BAC test yields only marginal results. *Id.* ¶ 2. Without attempting to catalog all forms of corroborating evidence, the Court held that this evidence may take the form of behavioral evidence of intoxication or expert testimony that establishes a nexus between the time of driving and the time of testing. *Id.*

{13} In this case, the court based its decision to exclude Defendant's BAC on *Baldwin.* However, the court's application of *Baldwin* to the facts of this case was inappropriate. The issue in *Baldwin* was not whether the defendant's BAC was admissible. Rather, the issue in *Baldwin* was whether the State presented sufficient evidence to establish an evidentiary nexus between the time of driving and BAC test results in order to support a conviction for per se DUI. Finding that no witness testified to such nexus, the Court of Appeals held that without evidentiary support "the jury was left to speculate about what the BAC might or might not have been at the time [the defendant] drove his vehicle." *Id.* ¶ 15. We have decided that in criminal cases, unlike civil cases, trial courts are not ordinarily authorized to rule on the sufficiency of the prosecution's evidence of guilt before the State has had the chance to present its evidence at trial. *See Gomez,* 2003–NMSC–012, ¶ 7 (citing *United States v. Alfonso,* 143 F.3d 772, 776–77 (2d Cir.1998) ("Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense, the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.")).

{14} Our rules of criminal procedure provide for dismissal based on the State's failure to offer sufficient proof to carry its burden at two different points during trial: either after the State has presented its case or at the close of the presentation of all of the evidence. *See* Rule 5–607(E), (K) NMRA. In this case, the court erred when it decided, pre-trial, a question of fact that should have been reserved until the State had an opportunity to present its evidence. The question before the trial court was whether the expert testimony presented was sufficient evidence to relate Defendant's BAC test result of .10 back to the time when she was driving. While we agree with the Court of Appeals that the expert testimony presented by the State was somewhat vague, it is arguable that a proper inference that may be drawn from the testimony of the State's expert is that Defendant's BAC was higher than .08 at the time of the accident.

{15} The State's expert testified that the generally accepted time to reach peak alcohol level is fifteen minutes to an hour after the alcohol is absorbed. Working from the assumption that Defendant stopped drinking at 8:30 p.m., as she told police, a reasonable inference arguably might be drawn that Defendant had reached her peak alcohol level by the time the accident occurred and that her BAC at the time of the accident was higher than .10. *See Hughey,* 2005–NMCA–114, ¶ 4. While we do not presume to make an assessment as to whether this constitutes sufficient evidence to support a conviction for per se DUI, we believe that the testimony of the State's expert raises a question of fact that should be resolved by a jury rather than by the trial court prior to trial. *See State v. Mares,* 92 N.M. 687, 689, 594 P.2d 347, 349 (Ct.App.1979) (stating "that maintenance of the jury as the fact-finding body in felony cases is of great importance and is to be jealously guarded"). Additionally, the conflicting testimony of the State's and Defendant's experts regarding the effect of shock on the rate of alcohol absorption constitutes a factual dispute that cannot be resolved prior to trial. *See State v. Duran,* 2005–NMSC–034, ¶ 19, 138 N.M. 414, 120 P.3d 836 (stating that resolution of factual conflicts " 'is particularly a matter within the province of the trier of fact' ") (quoting *State v. Werner,* 117 N.M. 315, 317, 871 P.2d 971, 973 (1994)). The issues raised in Defendant's Motion in Limine and by the testimony of the two

88

conflicting experts are issues that should not have been resolved prior to trial by the trial judge. Instead, the State should have had the opportunity to present its case to a jury.

■ {16} In addition to our conclusion that Defendant's Motion in Limine raised a factual issue that ought to be resolved at trial, we are also troubled by the trial judge's statement that he found "Dr. Reyes' testimony compelling, given the ... studies he has been doing, and teaching for over twenty-five years." It is the role of the factfinder to judge the credibility of witnesses and determine the weight of evidence. *State v. Ryan,* 2006–NMCA–044, ¶ 20, 139 N.M. 354, 132 P.3d 1040 (concluding that "[i]t is the factfinder's prerogative to weigh the evidence and to judge the credibility of the witnesses") (citing *State v. Gonzales,* 1997–NMSC–050, ¶ 18, 124 N.M. 171, 947 P.2d 128). To the extent the trial judge based his ruling on the credibility of the witness, he usurped the role of the jury.

■ {17} Turning to Defendant's claim that Defendant's BAC was properly excluded because the testimony of the State's witness was not competent enough to satisfy Rule 11–702 and *Alberico,* we conclude that the requirements of Rule 11–702 and *Alberico* do not provide a basis for the court to exclude Defendant's BAC. We do not agree with the Court of Appeals' assessment that the "State's expert was so vague and general as to provide no real assistance to the trier of fact." *Hughey,* 2005–NMCA–114, ¶ 11. The prerequisite that expert testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue ... goes primarily to relevance." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (internal quotation marks omitted). We find that the Court of Appeals' decision in *Baldwin* established the relevancy of expert testimony on retrograde extrapolation. The *Baldwin* Court acknowledged that expert testimony may assist the trier of fact in an attempt to relate a defendant's BAC test results back to the time of driving. *Baldwin,* 2001–NMCA–063, ¶ 2. Because Defendant's BAC result coupled with the expert testimony could have provided assistance to the trier of fact, the trial court should have erred on the side of admitting the evidence. *See Lee*

*v. Martinez,* 2004–NMSC–027, ¶ 16, 136 N.M. 166, 96 P.3d 291 (stating that "[g]iven the capabilities of jurors and the liberal thrust of the rules of evidence, we believe any doubt regarding the admissibility of scientific evidence should be resolved in favor of admission, rather than exclusion"). If Defendant takes issue with the scientific conclusions of the State's expert the remedy is not exclusion; "the remedy is cross-examination, presentation of rebuttal evidence, and argumentation." *Id.* ¶ 48 (citing *Daubert,* 509 U.S. at 596, 113 S.Ct. 2786).

■ {18} Finally, we address Defendant's claim that the evidence of her BAC was properly excluded under Rule 11–403, which allows for the exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice. However, Rule 11–403 does not provide support for the trial court's decision to exclude Defendant's BAC. We hold the trial court should have withheld any decision based on Rule 11–403 until after the trial had commenced. The trial judge was not in a position to gauge the probative value of Defendant's BAC test result because a question of fact remained as to whether there was sufficient evidence to relate Defendant's BAC test result back to the time of driving. Without knowing the probative value of the evidence, it was impossible for the trial judge to conduct any weighing of probative value against unfair prejudice, as required by Rule 11–403.

## CONCLUSION

{19} Because we identify no basis for excluding Defendant's BAC under Rule 11–403 or Rule 11–702, and because we conclude that the exclusion of Defendant's BAC was inconsistent with Rule 5–601, we reverse the trial court's decision to exclude Defendant's BAC. We remand this case to the trial court.

{20} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA, and RICHARD C. BOSSON, Justices.