This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                                    **NO. 29,682**

**JOEL R. ZERTUCHE,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

     Defendant challenges the sufficiency of the evidence to support his convictions

for aggravated burglary and conspiracy to commit aggravated burglary. [RP 239] Our notice proposed to affirm. Defendant filed a memorandum in opposition. We are not persuaded the analysis in our notice is incorrect and affirm.

**DISCUSSION**

In reviewing whether the evidence is sufficient, we first view the evidence in the light most favorable to the verdict. Then we must "make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

There is evidence that near midnight two or three people broke into the 82-year-old victim's home and knocked her down, breaking her hip and causing other injuries. [DS 2] Someone threatened to kill her if she did not cooperate, and the intruders stole jewelry and perhaps other items. [DS 2] They left the victim lying on the floor, and she was eventually able to crawl onto her front porch and call for help. [DS 2]

Defendant contends that the evidence is insufficient because the only testimony connecting Defendant to the crimes is the testimony of one of his co-defendants, who testified after receiving a plea bargain.

Our calendar notice observed that it appeared from the tape log and the docketing statement that the testimony of the co-defendant was not the only evidence connecting Defendant to the crimes. There is a suggestion that the intruders may have worn gloves. [RP 170] It appears that white gloves found in Defendant's car were similar to gloves found at the residence of one of his co-defendants. [RP 171-72, 174, 180] It also appears there may have been discrepancies in various statements made by Defendant. [DS 3] Finally, it appears there may have been evidence that Defendant was with others the day after the burglary when they attempted to pawn the stolen jewelry. [RP 179] Accordingly, our notice proposed that the testimony of the co-defendant was not the only evidence from which the jury could infer guilt. Defendant's memorandum in opposition has not challenged our observation. Consequently, contrary to Defendant's argument, the testimony of the co-defendant was not the only evidence tying Defendant to the crimes.

Even if the testimony of the co-defendant were the only evidence connecting Defendant to the crimes, we still conclude the evidence is constitutionally sufficient. The fact that one of his co-defendants entered into a plea bargain could establish bias, or motive to lie, and would be fair game on cross-examination. *See State v. Meadors*, 121 N.M. 38, 48, 908 P.2d 731, 741 (1995) (recognizing that the fact that a witness

had received a deal from the prosecution "potentially gave rise to witness bias, a classic ground for impeachment"); *State v. Sanders*, 117 N.M. 452, 460, 872 P.2d 870, 878 (1994) (recognizing that information that the witness would benefit from a plea agreement substantially reducing her jail time would be considered by the jury in determining the witness's bias and motive for testifying). It was for the jury to consider the co-defendant's bargain and to determine the weight to be given to his testimony. *See State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 (stating that it is for the factfinder to judge credibility of witnesses and to decide the weight to be given to the evidence). However, the fact that the co-defendant entered into a plea bargain would not make the evidence insufficient as a matter of law.

We affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**ROBERT E. ROBLES, Judge**


_____

4

**TIMOTHY L. GARCIA, Judge**