This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**YASMIN C. CRITCHFIELD,**
**N/K/A YASMIN C. THORNELL,**

    Petitioner-Appellee,

v.     **NO. 31,195**

**LLOYD KENNETH BROWN,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**John F. Davis, District Judge**

Border Law Office, P.A.
Dean E. Border
Albuquerque, NM

for Appellee

Lloyd Kenneth Brown
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

    Father appeals the order modifying his child support and entering judgment for

child support arrears. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition to our notice and a motion for stay. We have duly considered Father's arguments, but we find them unpersuasive. We affirm and we deny Father's motion for stay.

Father continues to argue that he does not make the $5000 per month in income imputed to him by the district court. Father again states that his current wife is part owner of the business, and Father argues that a closer look at the documents presented to the district court would show that his wife financed the business, wrote checks from her separate account, and took out loans in her name. In addition, Father points out that he is not a CPA as stated in our calendar notice.

As discussed in our calendar notice, there is nothing to indicate that Father preserved his arguments that his wife owns half of his business and half of the items used in his business, and that the income referred to by the hearing officer was total sales and not gross income. Indeed, Father states in his docketing statement that he did not alert the district court to the mistakes he alleges on appeal in his objections. In his memorandum in opposition, Father provides no more information regarding preservation of these issues. We will not address arguments that were not properly preserved in the district court.

Furthermore, despite the fact that we mistakenly referred to Father as a CPA,

2

we hold that there was no abuse of discretion by the district court in imputing income of $5000 per month to Father. *See Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559; NMSA 1978, § 40–4–11.1(B) (2008). As previously noted, the hearing officer made extensive findings, which the district court adopted in support of its decision. The district court found that Father had attempted to hide income to lower his support obligations as much as possible and that Father and Father's witness were "less than credible." *See State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 (explaining that the fact finder determines the credibility of witnesses and the weight to be given to their testimony); *see also Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct. App. 1988) (stating that appellate court cannot weigh the credibility of witnesses), *holding modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.,* 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. The district court instead accepted the testimony from Mother and evidence provided by Mother in the form of subpoenaed documents regarding transactions for personal expenses on Father's PayPal account. The district court also relied on testimony from Mother's witness. Based on the evidence presented, the district court concluded that Father's gross monthly income "should be imputed at no less than $5,000 per month." [RP 250] We hold that the district court did not abuse its discretion.

For the reasons discussed in this opinion and in our calendar notice, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**