This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                **NO. 30,960**

**OSIE FIELDS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Terrence Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Albright Law & Consulting
Jennifer R. Albright
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

        Defendant appeals his convictions for two counts of CSP in the first degree (child under the age of thirteen).  We proposed to affirm in a calendar notice, and we

have received a memorandum in opposition to our notice. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Defendant again argues that he was denied the effective assistance of counsel. In addition to his argument that trial counsel did not call certain witnesses and did not introduce certain evidence, Defendant now argues that his counsel was ineffective for submitting a less than complete docketing statement.

As discussed in our calendar notice, a prima facie case of ineffective assistance of counsel requires a showing that trial counsel's performance was deficient and that Defendant suffered prejudice. *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384. To demonstrate prejudice, Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted). In response to our calendar notice, Defendant claims that he was prevented from establishing an alibi based on his claim that he was incarcerated at the time of the alleged offenses. Defendant suggests that he would have called his girlfriend and the records custodian of the jail to testify that he was incarcerated in June 2007 and was released around June 29, 2007. [MIO 2, 7] At trial, after the victim testified that the events occurred in July 2007, the charges and jury instructions were amended to conform to that evidence. [MIO 6] On cross-examination of the victim, defense

counsel was able to elicit an admission that the events were previously reported to have occurred in June 2007. [MIO 6] The jury was presented with allegations that the offenses occurred "on or about June or July 2007," and with testimony from the victim that the offenses occurred in July 2007. [MIO 1, 6] Therefore, even if Defendant had been able to establish through witnesses or evidence that he was incarcerated in June 2007, Defendant has not demonstrated a reasonable probability that but for trial counsel's failure to file a notice of alibi or failure to call witnesses, the jury's verdict would have been different. Furthermore, Defendant has not demonstrated that, but for the defects in the docketing statement, there would have been a reasonable probability that the jury would have found Defendant innocent of the charges. We hold that Defendant has failed to present a prima facie showing that his counsel was ineffective. Defendant may, however, pursue his claims through a habeas corpus petition.

Defendant continues to claim that the evidence was insufficient to support a finding that he "intentionally had sexual intercourse" with the victim. [MIO 9] Defendant claims that the delay in reporting the offenses and the victim's inconsistent testimony show that the evidence was insufficient to support the convictions, particularly where Defendant was incarcerated in June 2007. [MIO 9-10] Defendant

urges this Court to place this case on the general calendar rather than use the limited facts contained in the docketing statement and record proper.

As discussed in our calendar notice, the victim testified that Defendant sexually penetrated her two times while she was staying at her grandmother's home in June or July of 2007. [DS 2-4] Detective Black testified that his investigation revealed facts consistent with the victim's allegations, and the SANE nurse testified that, based on examination of the victim, the victim had been penetrated. As for Defendant's claim that delay in re porting and inconsistent testimony should lead to a determination that the evidence was insufficient to support the convictions, as explained in the calendar notice, the fact finder determines credibility and weight of the evidence, and the fact finder resolves conflicts in the testimony. *See State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470. We hold that there was sufficient evidence to support Defendant's convictions.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**


_____

**JONATHAN B. SUTIN, Judge**