This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                      **No. 31,697**

**MICHAEL VALENZUELA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Santa Fe, NM

Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant argues that the evidence was insufficient to support his conviction for driving while under the influence of intoxicating liquor (DWI). We issued notice of proposed summary disposition proposing summary affirmance. Defendant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded and therefore affirm.

"The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Riley*, 2010-NMSC-005, ¶ 12, 147 N.M. 557, 226 P.3d 656 (internal quotation marks and citation omitted). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. On appeal, the appellate court views the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

In his memorandum in opposition, Defendant argues that the evidence only established that he had been drinking alcohol and had trouble balancing, which was not shown to be tied to consumption of alcohol. [MIO 8] We disagree. As we stated

in our notice of proposed summary disposition, Defendant's conviction was supported by evidence that Defendant appeared to be speeding and had his high beams on. [RP 90] Defendant did not respond to the officer's signal to dim his lights. [RP 90] Once the vehicle was stopped, Defendant changed seats with a rear seat passenger. [RP 90] *See State v. Martinez*, 2002-NMCA-043, ¶ 17, 132 N.M. 101, 45 P.3d 41 (stating that the jury could interpret the defendant's actions of giving officers a false name as evincing a consciousness of guilt and supported his conviction for DWI). Defendant had an odor of alcohol on his breath, and there was an open beer can at his feet. [RP 90] Defendant appeared confused and intoxicated to the officer, and he admitted to drinking alcohol. [MIO 2, RP 91] Defendant was unable to balance while being instructed on the field sobriety tests (FST), did not follow instructions during one of the FSTs, and was unable to balance during another. [RP 91] This evidence is sufficient to support Defendant's conviction. *See State v. Gutierrez*, 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction where the defendant smelled of alcohol, had bloodshot and watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes); *see also State v. Neal*, 2008-NMCA-008, ¶¶ 26, 29, 143 N.M. 341, 176 P.3d 330 (holding that evidence was sufficient to support a reasonable inference that the defendant was under the influence of alcohol where he was seen veering over the

shoulder line of the road; he smelled of alcohol and had bloodshot, watery eyes; he admitted to drinking; he failed on several FST criteria; he appeared to the officer to be under the influence of alcohol; and he stated that he did not want a DWI on his record, supporting an inference of consciousness of guilt); UJI 14-4501 NMRA (requiring proof that, "as a result of drinking liquor[, Defendant] was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public.").

Defendant challenges the evidence arguing that the only driving error the officer observed was his failure to dim his brights and states that he properly stopped the vehicle and pulled over to the side of the road when signaled by police. [MIO 9] Defendant argues that observations of actual driving are the best indication of driving ability. [MIO 9] We disagree. Evidence of irregular driving is not required to prove DWI. *See State v. Soto*, 2007-NMCA-077, ¶¶ 32-34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence of DWI under the impaired-to-the-slightest-degree standard even though the officers observed no irregular driving, where the defendant had red, bloodshot, and watery eyes, as well as slurred speech and a very strong odor of alcohol on his breath, the defendant admitted drinking, the officers observed several empty cans of beer where the defendant had

4

been, and the officers testified that the defendant was intoxicated).  We also note that the officer testified that Defendant  appeared to be speeding and did not respond to a signal to dim his lights.

Defendant next argues that the FST evidence does not support the conclusion that his driving ability was impaired by alcohol because he was able to complete several of the tests without problems. [MIO 10-11] Defendant also argues that his act of changing seats with the rear seat passenger is irrelevant because it could have been done for purposes other than consciousness of guilt. [MIO 11]  However, contrary evidence supporting acquittal is not a basis for reversal because the fact finder is free to reject a defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also Neal*, 2008-NMCA-008, ¶ 19 ("The test is not whether substantial evidence would support an acquittal, but whether substantial evidence supports the verdict actually rendered."); *State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 ("It is the role of the fact finder to judge the credibility of witnesses and determine the weight of evidence.").

Accordingly, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

5

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**