This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                            **No. 32,364**

**CHARLES SAMPLES,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Gary M. Jeffreys and Daniel Viramontes, District Judges**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
B. Douglas Wood, III
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Charles Samples (Defendant) appeals from the judgment, sentence, and commitment, convicting him, after a jury trial, of (1) Count 1: criminal sexual contact of a minor in the second degree (child under 13); (2) Count 2:  criminal sexual

penetration of a minor in the first degree (child under 13; (3) Count 3: criminal sexual penetration of a minor in the first degree (child under 13); and (4) Amended Count 9: criminal sexual penetration of a minor in the fourth degree. [RP 226] Defendant raises two issues on appeal: (1) whether there was sufficient evidence to support his convictions; and (2) whether his trial counsel was ineffective. [DS 2] This Court's calendar notice proposed to affirm. [CN1] Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

**Issue 1 - Sufficiency of the Evidence**

{2}      In the memorandum, Defendant continues to argue that the district court should have granted him a directed verdict on all counts in this matter, because all the counts on which he was convicted were not factually supported by the evidence. [MIO 1] Defendant points out that only three witnesses testified for the State: the investigating detective, J.J. (the victim), and the victim's mother. [MIO 2] He further points out that the victim was the only witness who testified as to the alleged incidents and that there were no other witnesses to them. [Id.]

{3}      Defendant contends that the victim did not provide any specific dates, and only distinguished between the events according to what school grade level she was in. [Id.] Defendant points out that while the victim's mother testified that she thought the

2

victim was afraid of Defendant, she also testified that there was not a door to her and Defendant's bedroom for several months during the period that the victim claimed that Defendant's ongoing method was to take her into that bedroom, close, and lock the door. [MIO 3] At trial, Defendant argued for a directed verdict on all counts on the basis that the victim's testimony lacked contextual detail and did not sufficiently distinguish the separate acts in manner, time, and place. [Id.] Alternatively, Defendant argued that there was only sufficient detail to sustain one count of criminal sexual contact of a minor (CSCM) and one count of criminal sexual penetration of a minor in the first degree (CSPM1). [MIO 4]

{4} The district court ruled that there was enough evidence to go to the jury on one count of CSCM, two counts of CSPM1, and one count of CSPM in the fourth degree (CSPM4), which occurred when the victim was between thirteen and sixteen years old. [MIO 4] The district court directed a verdict on all other thirty-six counts, largely on double jeopardy grounds, because there was insufficient evidence to appropriately distinguish the remaining counts from those on which the district court ruled there to be sufficient evidence. [Id.] We affirm.

{5} "Our review of the denial of a directed verdict motion asks whether sufficient evidence was adduced to support the underlying charge." *State v. Sena*, 2008-NMSC-053, ¶ 10, 144 N.M. 821, 192 P.3d 1198. "In reviewing the sufficiency

3

of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 25, 128 N.M. 711, 998 P.2d 176. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *overruled on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

{6}    The jury was instructed that in order to convict Defendant of CSCM, child under the age of thirteen, as charged in Count 1, that it must find the following elements of the crime beyond a reasonable doubt: (1) Defendant touched or applied force to the unclothed vagina of the victim; (2) the victim was under the age of thirteen; and (3) this happened in Luna County, New Mexico on or between August 1, 2005, and December 31, 2005. [RP 183]

{7}     The jury was instructed that in order to convict Defendant of CSPM, child under the age of thirteen as charged in Count 2, that it must find the following elements of the crime beyond a reasonable doubt: (1) Defendant caused the victim to engage in cunnilingus; (2) the victim was a child under the age of thirteen; and (3) this happened in Luna County, New Mexico on or between December 1, 2005, and May 31, 2006. [RP 185]

{8}     The jury was instructed that in order to convict Defendant of CSPM, child under the age of thirteen as charged in Count 3, that it must find the following elements of the crime beyond a reasonable doubt: (1) Defendant caused the victim to engage in cunnilingus; (2) the victim was under the age of thirteen; and (3) this happened in Luna County, New Mexico on or between August 1, 2006, and September 1, 2007. [RP 186]

{9}     The jury was instructed that in order to convict Defendant of CSPM, child aged thirteen to sixteen by a person who is at least eighteen years old and at least four years older than the victim, as charged in Amended Count 9, that it must find the following elements of the crime beyond a reasonable doubt: (1) Defendant caused the victim to engage in cunnilingus; (2) the victim was at least thirteen, but less than sixteen years old; (3) Defendant was eighteen years old or older at the time of the offense; (4) Defendant is at least four years older than the victim; and (5) this happened in New

5

Mexico on or between September 15, 2007, and May 30, 2009. [RP 187] "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986).

{10} At trial, the State presented the following testimony: the victim, who was born on September 15, 1994, is Defendant's stepdaughter. [DS 1] The victim testified that Defendant sexually molested her on a number of occasions between 2005 and 2009, beginning when she was ten years old. [DS 1, MIO 1] She testified that the first event occurred when Defendant crawled into bed with her, while her mother was at work and her brothers were asleep, and touched her vagina without penetrating it. [DS 1, MIO 3] The victim described a second incident a few months later that also took place while her mother was out of the house, when Defendant pulled down her panties, pushed her onto the bed, put his mouth on her vagina, and penetrated it with his tongue. [DS 1, MIO 1] The victim further testified that on several occasions, Defendant would place her legs over his shoulders and perform oral sex on her in Defendant's and the victim's mother's bedroom. [MIO 2-3] The victim testified that these incidents occurred ten times while she was in the sixth grade, eighteen times while she was in the seventh grade, and two to five times while she was in the eighth grade. [DS 2] The victim also testified that she did not tell anyone about the alleged

molestations because she was afraid of losing her family. [Id.] In 2010 the victim told a school counselor who notified authorities. [Id.] The victim's mother and the investigating officer also testified. [MIO 3] Defendant did not testify. [Id.] The jury convicted Defendant of one count of CSCM (child under 13); two counts of CSPM1 (child under 13); and one count of CSPM (child 13 to 16). [RP 225]

{11} We hold that Defendant's due process and double jeopardy rights were fully protected by the district court's dismissal of numerous counts of the criminal information. As noted above, thirty-two of the original thirty-six counts were dismissed because the victim's testimony did not appropriately, as to manner, time and place, distinguish the remaining counts from those on which the district court ruled there to be sufficient evidence. The memorandum confirms that these dismissals took place for the specific reason that the victim's testimony about these incidents lacked the details and specificity that the due process and double jeopardy protections require. [MIO 4] The victim's mother's testimony that the bedroom, where the victim testified that many of the alleged incidents occurred, lacked a door for several months during that time, goes to the credibility and weight of the victim's testimony, which are matters for the jury to decide. It is well-established that "under a substantial evidence review, it is the exclusive province of the jury to resolve factual inconsistencies in testimony. We will not reweigh the evidence or substitute our

7

judgment for that of the jury." *State v. Trujillo*, 2002-NMSC-005, ¶ 28, 131 N.M. 709, 42 P.3d 814 (alteration, internal quotation marks, and citation omitted); *see State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 ("It is the role of the fact[]finder to judge the credibility of witnesses and determine the weight of evidence."). The victim's testimony, distinct in manner, time, place, and grade level/age of the victim, supports Defendant's conviction for the four counts not dismissed.

{12} We hold that substantial evidence supports Defendant's convictions.

**Issue 2 - Ineffective Assistance of Counsel**

{13} In the memorandum, Defendant continues to argue that his counsel was ineffective for not presenting testimony on Defendant's behalf and for convincing Defendant not to testify in his own defense, despite his desire to do so. [DS 2; MIO 12, 13] We affirm on direct appeal.

{14} As we stated in the calendar notice, counsel is presumed competent. *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127. There is a two-fold test for proving ineffective assistance of counsel: the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that the defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the

defendant to prove both prongs. *Id.* "On appeal, we will not second guess the trial strategy and tactics of the defense counsel." *Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (internal quotation marks and citation omitted).

{15} We remain persuaded that Defendant's discussions with his trial defense counsel about what testimony, witnesses, and evidence to present on his behalf and the pros and cons of having Defendant testify at trial are not matters of record for this Court to review on direct appeal. *See, e.g.*, *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance."). Moreover, whether to have a defendant testify is often a matter of trial strategy or tactics that focuses, among other considerations, on holding the State to its burden of proving the elements of the charged crimes beyond a reasonable doubt. *See, e.g.*, *Lytle*, 2001-NMSC-016, ¶ 43 ("On appeal, we will not second guess the trial strategy and tactics of the defense counsel." (internal quotation marks and citation omitted)).

**{16}** In this regard, moreover, as discussed above, thirty-two of the original thirty-six counts of the criminal information were dismissed. With regard to the counts of which Defendant was convicted, we have held, pursuant to Issue 1, that there was sufficient evidence to support them. Under the circumstances, Defendant has not persuaded us that the outcome of his trial would have been different "but for" any ineffectiveness of his counsel. *See Duncan v. Kerby*, 115 N.M. 344, 348-49, 851 P.2d 466, 470-71 (1993) (stating that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel). We hold that Defendant has not made a prima facie case that his trial defense counsel was ineffective on direct appeal. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**CONCLUSION**

**{17}** We affirm Defendant's convictions.

**{18}** **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

RODERICK T. KENNEDY, Chief Judge

JONATHAN B. SUTIN, Judge

11