This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 34,339**

**KYLE PETERS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant entered a conditional guilty plea to unlawful taking of a motor

vehicle, contrary to NMSA 1978, Section 30-16D-1(A) (2009), reserving his right to appeal the district court's denial of his motion to dismiss. *See* Rule 5-304(A)(2) NMRA (governing conditional pleas). The sole issue raised in this appeal is whether Defendant was the owner of the vehicle such that he could not be convicted of taking the vehicle without the owner's consent.

**BACKGROUND**

{2}     Both the State and Defendant stipulated to the facts as alleged in the arrest warrant. The arrest warrant recites that Defendant purchased a vehicle from E-Z Credit Auto Sales (E-Z Credit). E-Z Credit repossessed the vehicle after Defendant failed to make payments for several months. Later that day, Defendant went to E-Z Credit's unsecured lot where the vehicle was parked and drove the vehicle off the lot using his spare set of keys. Defendant was subsequently charged with unlawful taking of a motor vehicle based on this conduct.

{3}     Defendant filed a motion to dismiss arguing that an essential element of the offense was that the taking of the vehicle be without the consent of the owner, and he was the owner of the vehicle, therefore he could not violate the statute as a matter of law. The district court denied the motion, and this appeal follows.

**DISCUSSION**

{4}     Defendant contends that a person who has purchased a vehicle pursuant to a

conditional sales or lease agreement, but who has defaulted on payments, cannot be convicted of unlawful taking of a motor vehicle for retaking possession of the vehicle following the lienholder's lawful repossession of the vehicle.

**STANDARD OF REVIEW**

{5}     "Interpretation of a statute is a matter of law, which we review de novo." *State v. Rivera*, 2004-NMSC-001, ¶ 9, 134 N.M. 768, 82 P.3d 939 (internal quotation marks and citation omitted). "Our ultimate goal in statutory construction is to ascertain and give effect to the intent of the Legislature." *State v. Smith*, 2004-NMSC-032, ¶ 8, 136 N.M. 372, 98 P.3d 1022 (internal quotation marks and citation omitted). In doing so, we look to "the plain language used in the statute, as well as the purpose of the underlying statute." *State v. Parrish*, 2013-NMCA-066, ¶ 6, 304 P.3d 730.

{6}     Section 30-16D-1(A) provides in relevant part that "[u]nlawful taking of a vehicle or motor vehicle consists of a person taking any vehicle or motor vehicle as defined by the Motor Vehicle Code [NMSA 1978, §§ 66-1-1 to -5 (1978, as amended through 2016)] intentionally and without consent of the owner." *See State v. McGruder*, 1997-NMSC-023, ¶ 27, 123 N.M. 302, 940 P.2d 150 ("[U]nlawful taking of a motor vehicle consists of: taking a vehicle without the owner's consent and with criminal intent."), *abrogated on other grounds by State v. Chavez*, 2009-NMSC-035, 146 N.M. 434, 211 P.3d 891. "Unlawful taking of a vehicle primarily protects an

owner's right to immediate possession of an automobile." *McGruder*, 1997-NMSC-023, ¶ 30; *see State v. Bernard*, 2015-NMCA-089, ¶ 30, 355 P.3d 831 (stating that the "Legislature crafted provisions of the Criminal Code that operate in tandem with the Motor Vehicle Code to punish criminal conduct that infringes on personal property interests in vehicles"), *cert. denied*, 2015-NMCERT-008, 369 P.3d 368. Thus, by the terms of the statute, if Defendant was the owner of the vehicle when he removed it from E-Z Credit's lot, he could not be convicted of taking the vehicle without the owner's consent. *See generally State v. Earp*, 2014-NMCA-059, 326 P.3d 491 (recognizing that the defendant could not be convicted of causing criminal damage to property in which he had an ownership interest where the statute required that the damage be without the consent of the owner).

{7}    Our initial inquiry is whether Defendant had an ownership interest in the lawfully repossessed vehicle. Both Defendant and the State agree that the question whether Defendant was an "owner" within the meaning of Section 30-16D-1(A) is determined by the statutory definition of "owner" contained in the Motor Vehicle Code, and so do we. In 2009, the Legislature recompiled and amended the unlawful taking of a motor vehicle statute. Previously, it had been part of the Motor Vehicle Code in substantially the same format. *See* NMSA 1978, § 66-3-504 (1998) (stating that "[a]ny person who takes any vehicle or motor vehicle intentionally and without

consent of the owner is guilty . . .”). The recompilation did not change elements of the offense or significantly alter the penalty. *Compare* Section 30-16D-1, *with* Section 66-3-504. Based on the language and history of the statute, it seems to us that the Legislature intended the meaning of “owner” to remain in the context of Section 30-16D-1(A), as that term is defined in the Motor Vehicle Code. *See Bernard*, 2015-NMCA-089, ¶ 18 (determining that the recompilation of Section 30-16D-4 from the Motor Vehicle Code into the criminal code was not intended by the Legislature to make substantive changes and the Legislature intended the definition of “vehicle” from the Motor Vehicle Code to apply to the crime of receiving or transferring stolen vehicles). The Motor Vehicle Code defines “owner” as:

> a person who holds the legal title of a vehicle and may include a conservator, guardian, personal representative, executor or similar fiduciary, *or*, in the event that a vehicle is the subject of an agreement for conditional sale or lease with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or, in the event that a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor.

NMSA 1978, § 66-1-4.13(F) (1990) (emphasis added).

**{8}** New Mexico thus recognizes different categories of ownership interests relating to motor vehicles. *See Hale v. Basin Motor Co.*, 1990-NMSC-068, ¶ 9, 110 N.M. 314, 795 P.2d 1006 (“As a rule of construction, the word ‘or’ should be given its normal disjunctive meaning unless the context of a statute demands otherwise.”). The statute

5

first recognizes the holder of legal title (and that person's fiduciaries) as an owner. The statute further contemplates that, when a vehicle is the subject of a conditional sales agreement or a lease agreement, then the conditional vendee or lessee is an owner, when there is an "immediate right of possession vested" in the conditional vendee or lessee. Section 66-1-4.13(F). Lastly, when the vehicle is subject to a mortgage and the mortgagor is entitled to possession of the vehicle, then the mortgagor of the vehicle is as well considered an owner.

{9}	Defendant did not allege in his motion to dismiss that he was the owner of the vehicle as the holder of legal title, as a conditional vendee or lessee, or as a mortgagor. However, the affidavit in support of the warrant for Defendant's arrest, to which the parties stipulated, recites that the vehicle was repossessed from Defendant due to delinquent payments. In other words, Defendant was not in current with the payments he agreed to make to E-Z Credit in order to pay for the vehicle he sought to purchase and own. Moreover, at the hearing on the motion to dismiss, the State and Defendant agreed that Defendant purchased the vehicle from E-Z Credit, and it was then repossessed. Despite the foregoing facts, on appeal Defendant argues that he was an owner by virtue of the equitable interest he acquired through the purchase contract with E-Z Credit, and that E-Z Credit was a lienholder with the right to repossess the vehicle upon default. But these circumstances essentially describe a conditional sales

6

agreement. *See* NMSA 1978, § 58-19-2(F) (2001) (defining a conditional sales contract as an "agreement . . . pursuant to which the title to or a lien upon the motor vehicle that is the subject matter of a retail installment transaction is retained or taken by a retail seller from a retail buyer as security for the buyer's obligation"). In such a scenario, Defendant's obligation pursuant to the contract must be met in order to maintain possession, and any ownership interest that may have accrued pursuant to the contract with E-Z Credit of the vehicle at issue.

{10}     The State does not dispute that Defendant was a conditional vendee of the vehicle. The State maintains, however, that a conditional vendee is considered the owner of the vehicle *only* as long as he or she is vested with an "immediate right of possession." The State argues that once the vehicle was lawfully repossessed by E-Z Credit, Defendant was no longer vested with an immediate right to possession, and was therefore no longer an owner within the meaning of Section 66-1-4.13(F).

{11}     In this case, Defendant has not established that he was vested with an immediate right of possession at the time he removed the vehicle from E-Z Credit's lot. At most, the undisputed facts establish that Defendant was a conditional vendee. However, a conditional vendee is not automatically an owner within the meaning of the Motor Vehicle Code. *See Riggs v. Gardikas*, 1967-NMSC-120, ¶¶ 3-5, 78 N.M. 5, 427 P.2d 890 (recognizing that there are two operative elements for a conditional

purchaser to be an owner under the definition in the Motor Vehicle Code: the vehicle must be subject to a conditional sales or lease contract and the vendee must have the right to immediate possession). Defendant therefore could not establish that he was vested with an immediate right of possession solely by virtue of being a conditional vendee. To adopt such an interpretation of Section 66-1-4.13(F) would render the language "with an immediate right of possession vested" superfluous. *See Baker v. Hedstrom*, 2013-NMSC-043, ¶ 24, 309 P.3d 1047 ("This Court must interpret a statute so as to avoid rendering the Legislature's language superfluous.").

{12}    We understand Defendant to allege on appeal that the purchase contract between himself and E-Z Credit provided him with a right to possession of the vehicle in some unspecified form. However, neither the State nor Defendant introduced the contract below, and accordingly, its terms were not before the district court. Therefore, to the extent that Defendant asserts that he was vested with a immediate right of possession based on the contract, there was no basis from which the district court could make this determination below. *See State v. Hughey*, 2007-NMSC-036, ¶ 11, 142 N.M. 83, 163 P.3d 470 (stating that "where a motion involves factual matters that are not capable of resolution without a trial on the merits, the [district] court lacks the authority to grant the motion prior to trial"). Therefore, the undisputed facts do not show that Defendant was entitled to dismissal as a matter of law, and the

district court properly denied the motion to dismiss. We therefore affirm the district court.

**{13}** **IT IS SO ORDERED.**

                                    _____
                                    **J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**M. MONICA ZAMORA, Judge**