This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                           **NO. A-1-CA-37341**

**SAMANTHA CHANCE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

C. Barry Crutchfield
Lovington, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant Samantha Chance appeals following her conviction for second degree murder. We issued a notice of proposed summary disposition, proposing to

affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

**{2}** Defendant continues to challenge the sufficiency of the evidence. [Unnumbered MIO 1-5] Because the relevant background information has previously been set forth, we will avoid undue reiteration here. Instead, we will focus on the specific arguments articulated in the memorandum in opposition.

**{3}** Defendant asserts that a number of facts relevant to her claim of self-defense and/or defense of habitation were undisputed. [Unnumbered MIO 1-2] These "undisputed" matters include Defendant's assertion that the victim "forced her way into [Defendant's] house, "commenced to attack [Defendant]" and then "sought to obtain a 380 caliber pistol" before Defendant fatally shot victim. [Unnumbered MIO 1-2] However, Defendant's testimony was the only basis for these assertions, and as we previously explained, [CN 3] the jury was not required to believe Defendant. *See State v. Torrez*, 2013-NMSC-034, ¶ 42, 305 P.3d 944 (observing that the jury is free to reject claims of self-defense); *State v. Trujillo*, 2002-NMSC-005, ¶ 31, 131 N.M. 709, 42 P.3d 814 ("The fact finder can reject the defendant's version of an incident." (internal quotation marks and citation omitted)). Defendant's suggestion that the jury was "not permitted to disregard" her testimony is mistaken. [Unnumbered MIO 2-3] *See State v. Baroz*, 2017-NMSC-030, ¶ 9, 404 P.3d 769 (observing that the jury is free

to reject the defendant's version of the facts); *State v. Cabezuela*, 2011-NMSC-041, ¶ 45, 150 N.M. 654, 265 P.3d 705 (rejecting the defendant's assertion her explanation could not simply be disregarded, and reiterating that the jury is free to reject the defendant's version of events, in the context of a sufficiency of the evidence review).

{4}	As we previously described at greater length in the notice of proposed summary disposition, [CN 4-5] the State presented substantial evidence in support of the conviction, including expert testimony to the effect that Defendant fired the fatal shots after the victim had been injured and rendered defenseless. In her memorandum in opposition Defendant focuses on conflicting expert testimony that she presented in her own defense, as well as asserted inconsistencies and weaknesses in the State's showing. [MIO 1-5] However, these were matters for the jury to resolve; on appeal, we are in no position to second-guess the jury's assessment. *See generally State v. Cabezuela*, 2015-NMSC-016, ¶ 23, 350 P.3d 1145 ("We will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting our judgment for that of the jury." (alterations, internal quotation marks, and citation omitted)); *State v. Hughey*, 2007-NMSC-036, ¶ 15, 142 N.M. 83, 163 P.3d 470 (indicating that conflicting expert testimony is to be resolved by the jury); *State v. Fuentes,* 2010-NMCA-027, ¶¶ 17-18, 147 N.M. 761, 228 P.3d 1181 (explaining that arguments

concerning the weight that the defendant believes should have been attributed to particular evidence, and attacks on the credibility of certain witnesses, "do little to demonstrate that the evidence submitted at trial was insufficient" but rather, "this form of argument merely highlights the all-important role of the jury;" and illustrating that where the jury is asked to consider conflicting accounts of the events surrounding a shooting, we will not disturb the jury's rejection of the defendant's version of the incident).

{5}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**


**WE CONCUR:**


_____
**STEPHEN G. FRENCH, Judge**


_____
**JENNIFER L. ATTREP, Judge**

4