IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2016-NMSC-003

Filing Date: December 10, 2015

Docket No. S-1-SC-34146

MARY ANN MADRID,

      Plaintiff-Petitioner,

v.

BRINKER RESTAURANT CORPORATION
d/b/a CHILI'S GRILL & BAR, RANDI RUSSELL,

      Defendants-Respondents.

ORIGINAL PROCEEDING ON CERTIORARI
John F. Davis, District Judge

Hinkle Law Offices
Cloyd G. Hinkle
Albuquerque, NM

Lorenz Law
Alice Tomlinson Lorenz
Albuquerque, NM

for Petitioner

Sutin, Thayer & Browne, P.C.
Benjamin E. Thomas
Gail Gottlieb
Ronald J. Segel
Albuquerque, NM

for Respondents

## OPINION

**VIGIL, Chief Justice.**

**{1}** Mary Ann Madrid (Plaintiff) appeals the grant of summary judgment in favor of Brinker Restaurant Corporation and its employee Randi Russell (Defendants) on the issue of causation. The district court granted summary judgment on the basis that Plaintiff failed to raise an issue of material fact to rebut Defendants' assertion that the sole cause of the underlying accident was the negligence of a third party, rather than Defendants. The Court of Appeals affirmed the district court, concluding that the expert testimony proffered to establish an issue of material fact lacked sufficient foundation or was otherwise inadmissible evidence and was not sufficient to establish a material fact dispute. Plaintiff petitioned this Court for a writ of certiorari, which we granted. We hold that the evidence presented was sufficient to establish an issue of material fact, and therefore summary judgment was improper. Accordingly, we reverse.

## I.    BACKGROUND

**{2}** This case arises from a tragic motorcycle accident that occurred in Belen, New Mexico on the night of August 27, 2006. Plaintiff was a passenger on a motorcycle driven by Quin Sanchez (Sanchez) that was heading north on a major thoroughfare, when the driver of a van heading west on a cross street failed to observe a stop sign and entered the path of the motorcycle. The motorcycle collided with the driver's side of the van, instantly killing Sanchez and severely injuring Plaintiff.

**{3}** Plaintiff brought suit against Defendants alleging, among other things, that Defendants were liable for her injuries because they served Sanchez alcohol to the point of intoxication prior to the accident. She alleged that Defendants' negligent conduct was a proximate cause of the accident and her resultant injuries.

**{4}** Defendants moved for summary judgment on the sole issue of causation, arguing that their alleged over-serving of alcohol to Sanchez was not the cause of the accident resulting in Plaintiff's damages. Defendants argued that the facts indicated that the accident was unavoidable even to a sober driver, and therefore, regardless of Sanchez's intoxication, the van driver's negligence in running the stop sign was the sole cause of the accident. In support of their motion, Defendants provided, among other things, deposition testimony from Plaintiff's accident reconstruction expert, Michael Miranda, indicating that, in his opinion, the accident was unavoidable by simply applying the brakes, and that attempting any evasive maneuver could have resulted in even more severe consequences.

**{5}** Plaintiff opposed the motion, arguing that issues of material fact remained as to whether Sanchez's intoxication was the cause of the accident. She argued that "[b]ased upon the evidence, reasonable minds could differ" on the issue of whether the accident was necessarily unavoidable, even for a sober driver. For this assertion, Plaintiff relied on Mr. Miranda's testimony that:

> 1) a reduced impact speed (with emergency braking) would have resulted in a better chance of survival and reduced injuries; and 2) a sober motorcyclist

2

would have had *several other options available* for evasive action, besides hard braking. The sober motorcyclist could have: 1) swerved to the right and gone around the van, which was still moving forward; 2) driven off into the open field to the side of the road; 3) laid the bike down, putting the bike between him and the van and lowering his center of gravity so that he went under the van instead of head-on into the side of it.

Plaintiff argued that based on these alternatives, it is possible that "her body would have been in a different position or she would have fallen off the motorcycle before it hit the van, or that she could have avoided injury altogether." Plaintiff also offered a portion of Mr. Miranda's accident reconstruction report, in which he provided various alleged facts about the accident and concluded that:

> Mr. Sanchez, though driving at a reasonable speed, was also under the influence of intoxicating liquor. Mr. Sanchez would have had decreased perception and reaction time also. He may have been able to stop his motorcycle but his level of intoxication did not allow for him to correctly and quickly perceive the Ford van as a hazard.

**{6}** The district court, unpersuaded by Plaintiff's argument, entered an order granting summary judgment in favor of Defendants. In its order, the district court stated that there was no genuine issue of material fact but did not further articulate its reasoning.

**{7}** Plaintiff then asked the district court to reconsider its ruling. She maintained that material facts were in dispute regarding the influence of alcohol on Sanchez's ability to employ an evasive maneuver or avoid the accident. In support of her motion for reconsideration, Plaintiff attached an affidavit from Mr. Miranda, which focused on the potential evasive maneuvers mentioned above, as well as the possibility that a sober and alert motorcycle driver could have avoided the accident altogether. Defendants moved to strike these additional materials on the grounds that the materials were inadmissible evidence, the affidavit was insufficient to raise a material issue of fact, and the affidavit was a sham. Defendants further opposed the motion by asserting, among other things, that Plaintiff failed to carry her burden of establishing an issue of material fact, had not raised any new argument, and was simply restating the arguments she made in response to summary judgment and that Mr. Miranda's affidavit contradicted his deposition testimony.

**{8}** The district court reconsidered its grant of summary judgment and allowed Defendants to file a supplemental brief in response to Mr. Miranda's affidavit. Defendants did so and continued to argue that Plaintiff's response to the motion for summary judgment, as well as the affidavit, failed to establish an issue of material fact. Defendants maintained that Mr. Miranda's affidavit lacked foundation, and that like his deposition testimony, was not admissible because it was largely speculative, and therefore it could not suffice to create an issue of material fact. The district court was again persuaded by Defendants' arguments, and for a second time it entered an order granting summary judgment in their favor. After

reviewing the additional materials attached to Plaintiff's motion to reconsider, the district court found that "the attachments and the opinions expressly therein were, at times, contradictory to the deposition testimony of Michael Miranda, included opinions for which no foundation was provided and were speculative or inadmissable on other grounds."

{9}    The Court of Appeals agreed with the district court and affirmed by memorandum opinion. *Madrid v. Brinker Rest. Corp.*, No. 31,244, mem. op. ¶ 1 (N.M. Ct. App. Apr. 8, 2013) (non-precedential). In deciding the case, the Court of Appeals reviewed the three main pieces of evidence Plaintiff provided in her attempt to combat the motion for summary judgment: the excerpt from Mr. Miranda's report, his deposition testimony, and his affidavit. *Id*. ¶¶ 14, 18, 23.

## A.    Mr. Miranda's Report

{10}    The Court of Appeals concluded that Mr. Miranda's opinion that Sanchez would have had decreased perception and reaction time and that he would have been able stop the motorcycle before it impacted the van were unfounded and speculative. *Id*. ¶¶ 10-12, 17. The Court of Appeals noted that in forming his opinion, Mr. Miranda

> reviewed various reports, diagrams, narratives, and photographs; visited the accident scene and inspected the area a little over two years after the accident; took measurements of the intersection, noted the layout and conditions of the traveling lanes; and determined visibility from all directions of the intersection. He also determined the posted speeds for both roads at the intersection.

*Id*. ¶ 15. However, the Court of Appeals stated that it was "unable to find anything in the record to indicate that the intersection was in substantially the same condition on September 26, 2008 [when Mr. Miranda inspected it] as it was on August 27, 2006 [the date of the accident]." *Id*. ¶ 16. With respect to Mr. Miranda's statements about average reaction and perception time for an unexpected event, the Court of Appeals determined that Mr. Miranda did not "explain[] how he got to the specific time frames." *Id*. ¶ 17. It further stated that "[t]hese deficiencies in testimony eliminate the foundation for [Mr. Miranda's] opinions that Sanchez would have had decreased perception and reaction time and consequently did not adequately perceive the van as a hazard in time to stop his motorcycle." *Id*.

## B.    Mr. Miranda's Deposition Testimony

{11}    The Court of Appeals then analyzed Mr. Miranda's deposition testimony. *Id*. ¶ 18. First it determined that he failed to establish that the accident reconstruction software program he used to determine the motorcycle's speed generated a result that was scientifically valid. *Id*. Then it examined Mr. Miranda's assertions about the evasive maneuvers Sanchez could have made, including "slowing the motorcycle down and taking a right turn, laying the motorcycle down, or veering into the oncoming lane." *Id*. ¶ 19. The

Court of Appeals concluded that "[t]here was no evidence of the traffic conditions at the time of the collision." *Id*. Further, it reasoned that "[Mr. Miranda] also premised these opinions on the actions of a sober and experienced driver and he assumed, without putting forth evidence, that Sanchez was an experienced motorcyclist." *Id*. Next, the Court of Appeals stated that Mr. Miranda failed to establish that his sources for determining reaction and perception time "are the type reasonably relied upon by an expert in the area of accident reconstruction." *Id*. ¶¶ 20, 21. The Court of Appeals then concluded that Mr. Miranda's opinion regarding the effect of alcohol on Sanchez lacked foundation because "nothing in the record [sets] forth the details of his training or his teaching curriculum to provide a sufficient foundation" to support this conclusion. *Id*. ¶ 21. Finally, it noted that "[Mr. Miranda] did not visit the scene at night until after he had . . . opined as to the conditions of the scene at the time of the accident." *Id*. ¶ 22.

## C.    Mr. Miranda's Affidavit

**{12}**    The Court of Appeals also analyzed Mr. Miranda's affidavit. *Id*. ¶ 23. It determined that no facts were presented to establish that Sanchez had not been scanning for hazards just before the crash. *Id*. On that point, it noted that "[Mr. Miranda's] opinions are based on a sober and experienced motorcyclist scanning for hazards as he approaches the intersection, recognizing that the van driver might not stop at the stop sign, and thus perceiving the van as a potential danger." *Id*. ¶ 24. The Court of Appeals also noted, however, that there was no evidence to show that Sanchez was an experienced driver, stating, "[Mr. Miranda] assumes Sanchez was an experienced motorcyclist . . . [; however, there] is nothing in the record to support how long Sanchez had been driving a motorcycle, whether a safety training class was required to obtain the driver's [motorcycle] endorsement, or whether he was otherwise experienced with operating a motorcycle." *Id*.

**{13}**    The Court of Appeals ultimately concluded that Mr. Miranda's opinions were incomplete and would not be helpful to the fact-finder. *Id*. ¶ 31. It based this conclusion on the fact that the "[e]xpert's ultimate opinion that alcohol played a significant role in this tragic accident is significantly undermined by speculation and a lack of foundation." *Id*. ¶ 25.

**{14}**    Plaintiff appealed to this Court, maintaining that a genuine issue of material fact exists with respect to causation. She asserts that the Court of Appeals affirmed the district court on perceived defects in Mr. Miranda's testimony that Defendants never raised, and therefore, she had no reason to know she would need to address. Plaintiff further asserts that both lower courts made improper determinations about the expert's credibility in granting, then affirming, summary judgment. Finally, Plaintiff argues that if this Court overrules the Court of Appeals, a new judge should be assigned to the case on remand to the district court.

**{15}**    For the reasons that follow, we overrule the lower courts and remand for further proceedings. We hold that Plaintiff presented enough evidence to raise a genuine issue of material fact as to the cause of the accident; therefore, summary judgment was inappropriate.

5

Because we resolve the case on this issue, we do not address Plaintiff's remaining contentions concerning the summary judgment determination. Further, we decline Plaintiff's request to remand the case to a new judge.

## II.    DISCUSSION

**{16}**    This case comes to the Court from an order granting summary judgment. An order granting summary judgment "is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Tafoya v. Rael*, 2008-NMSC-057, ¶ 11, 145 N.M. 4, 193 P.3d 551 (internal quotation marks and citation omitted). This Court reviews an order granting summary judgment de novo. *Beggs v. City of Portales*, 2009-NMSC-023, ¶ 10, 146 N.M. 372, 210 P.3d 798. "We resolve all reasonable inferences in favor of the party opposing summary judgment, and we view the pleadings, affidavits, depositions, answers to interrogatories, and admissions in the light most favorable to a trial on the merits." *Weise v. Wash. Tru Sols.,* 2008-NMCA-121, ¶ 2, 144 N.M. 867, 192 P.3d 1244. Our review is conducted in light of our traditional disfavor of summary judgment and our preference for trials on the merits. *See Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 8, 148 N.M. 713, 242 P.3d 280 ("New Mexico courts, unlike federal courts, view summary judgment with disfavor, preferring a trial on the merits."). That disfavor is founded on the principle that summary judgment is "a drastic remedy to be used with great caution." *Encinias v. Whitener Law Firm, P.A.*, 2013-NMSC-045, ¶ 6, 310 P.3d 611 (internal quotation marks and citation omitted).

### A.    Plaintiff's Evidence in Opposition to Defendants' Motion for Summary Judgment Was Sufficient to Establish a Genuine Issue of Material Fact Regarding Causation so as to Preclude Summary Judgment

**{17}**    The single material fact dispute in this case is what caused the accident. The facts suggest that Sanchez must not have been aware of the van's presence, indicated by the occurrence of the impact itself and by Sanchez's apparent failure to react. However, the parties disagree concerning how these facts inform the determination of causation. Defendants argue that the van driver's negligence was the sole cause of the accident, giving rise to the possible inference that even if he had been sober, Sanchez would not have been aware of the van any sooner and could not have done anything to change the outcome. Conversely, Plaintiffs argue that Sanchez was oblivious to the van's presence because he was intoxicated, but had he been sober, and thereby more attentive, he could have avoided the accident. We conclude that Mr. Miranda's testimony raised a logical inference that Sanchez might have been able to avoid the accident. This inference was sufficient to raise an issue of material fact.

**{18}**    In the face of a motion for summary judgment, a non-moving party must establish that issues of material fact remain that require a trial on the merits. *See Romero*, 2010-NMSC-035, ¶ 10 (holding that in response to a motion for summary judgment, a non-moving party "must adduce evidence to justify a trial on the issues" (internal quotation marks and

6

citation omitted)). The "evidence adduced must result in reasonable inferences." *Id*. "An inference is not a supposition or a conjecture, but is a logical deduction from facts proved and guess work is not a substitute therefor." *Id*. (internal quotation marks and citation omitted). In this case, the disputed material issue of fact is whether Sanchez's intoxication caused the accident and Plaintiff's resulting injuries. Mr. Miranda testified that Sanchez's intoxication was the cause because a sober and experienced motorcyclist would have been alerted to the van's presence and could have avoided the accident once he or she realized the van was not going to stop. The lower courts dismissed this testimony as mere speculation or guesswork, *Madrid*, No. 31,244, mem. op. ¶¶ 17, 30, but we view it as raising a reasonable inference that the accident could have been avoided.

**{19}** Plaintiff brought this suit under NMSA 1978, Section 41-11-1(H) (1986), which provides: "No person may seek relief in a civil claim against a licensee . . . for injury or death . . . which was proximately caused by the sale, service or provision of alcoholic beverages except as provided in this section." "Proximate cause is a necessary, factual element of [a p]laintiff's negligence claims . . . ." *Padilla v. Intel Corp.*, 1998-NMCA-125, ¶ 8, 125 N.M. 698, 964 P.2d 862. "Where the facts are not in dispute and the reasonable inferences from those facts are plain and consistent, proximate cause becomes an issue of law." *Galvan v. City of Albuquerque*, 1973-NMCA-049, ¶ 12, 85 N.M. 42, 508 P.2d 1339.

**{20}** Plaintiff adduced sufficient evidence to establish a genuine dispute as to whether Sanchez's intoxication prevented him from avoiding the accident. We reach this conclusion based on the traditional principles of summary judgment in which (1) all logical inferences are to be resolved in favor of the non-moving party and (2) all inferences must be viewed in a light most favorable to a trial on the merits. *See Romero*, 2010-NMSC-035, ¶ 7. In reviewing the evidence presented to establish that a genuine issue of material fact existed, the lower courts were overly technical in their evaluation of the foundation of Mr. Miranda's testimony, and both courts failed to abide by these principles in reaching the conclusion that summary judgment was appropriate.

**{21}** Mr. Miranda's deposition testimony, report, and affidavit were used in an attempt to refute Defendants' assertion that the facts in this case establish that the van driver's negligence was the sole cause of the accident. *Madrid*, No. 31,244, mem. op. ¶ 3. The Court of Appeals took this presentation to task for failing to establish the foundations upon which his assertions were based. *Id*. ¶¶ 17, 19, 21, 25. Mr. Miranda's conclusions were premised on the notion that a sober and experienced driver who was free from distraction and had a clear view of the scene before him, would have taken some evasive maneuver or avoided the collision. The Court of Appeals examined the trial testimony and concluded that the record does not support, and the expert provided no foundation for, whether Sanchez was an experienced driver or what was the particular effect on him of the alcohol he consumed. *Id*. ¶¶ 17, 19, 24. Further, it concluded that there was no foundation for Mr. Miranda's assertion that the accident could have been avoided altogether. *Id*. ¶ 19. Our review of the record, weighing all logical inferences in favor of Plaintiff and viewing the facts in favor of a trial on the merits, indicates otherwise.

**{22}** Finally, as stated above, with respect to the potential for avoiding the accident, Mr. Miranda testified at his deposition that under certain hypothetical parameters offered by defense counsel he did not believe the accident could have been avoided. In his affidavit, however, he alternatively asserted that a sober and experienced motorcyclist would have perceived the van at some distance before it ran the stop sign, noticed the possibility that it would not stop, and decelerated or stopped as a result. The district court concluded that this testimony was contradictory to Mr. Miranda's affidavit and speculative. It was improper for the district court to consider whether the statements were contradictory. That amounted to weighing the credibility of Mr. Miranda's statements, which is distinctly the province of the fact-finder at trial. *See State v. Hughey*, 2007-NMSC-036, ¶ 16, 142 N.M. 83, 163 P.3d 470 ("It is the role of the fact[-]finder to judge the credibility of witnesses and determine the weight of evidence.").

**{23}** We conclude that both the district court and the Court of Appeals took an overly technical view of the evidence which did not resolve all logical inferences in favor of Plaintiff and did not view the facts in the light most favorable to a trial on the merits.

**B.      Reassignment of the Case to a Different Judge on Remand Is Not Warranted**

**{24}** Plaintiff requests that this Court remand to the district court with instructions to reassign the case to a different judge. Both parties agree that the district judge showed no evidence of bias against Plaintiff; however, Plaintiff argues that the district judge would have difficulty putting out of his mind previously-expressed views now determined to be erroneous, therefore making reassignment appropriate.

**{25}** Defendants correctly highlight the "extraordinary nature" of an order requiring reassignment. In contemplating whether such an order is appropriate, we consider "whether the original judge would reasonably be expected . . . to have substantial difficulty in putting out of his or her mind previously-expressed views or findings." *State v. Ruiz*, 2007-NMCA-014, ¶ 18, 141 N.M. 53, 150 P.3d 1003 (omission in original) (internal quotation marks and citation omitted). However, we also "[presume] that judges will be able to set aside previously-expressed opinions and preside in a fair and impartial manner on remand." *Id*. ¶ 19. Without evidence of bias or some other showing that the assigned judge cannot reasonably be expected to follow the law in accordance with this opinion, we are not persuaded that Plaintiff has overcome that presumption. Accordingly, we decline to require reassignment on remand.

**III.    CONCLUSION**

**{26}** For the reasons stated, we reverse the grant of summary judgment on the matter of causation and remand to the district court for further proceedings consistent with this opinion.

**{27}    IT IS SO ORDERED.**

_____
**BARBARA J. VIGIL, Chief Justice**

**WE CONCUR:**

_____
**PETRA JIMENEZ MAES, Justice**

_____
**RICHARD C. BOSSON, Justice, Retired**
**Sitting by designation**

_____
**EDWARD L. CHÁVEZ, Justice**

_____
**CHARLES W. DANIELS, Justice**