This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE,**

Plaintiff-Appellee,

v.                                                 NO. 33,789

**ROBERT TODD,**

Defendant-Appellant,

and

**FRANK DEBARI and MARIA DEBARI,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

Robert Todd
Albuquerque, NM

Pro se Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Following our Supreme Court's recent opinion in *Deutsche Bank National Trust Co. v. Johnston,* 2016-NMSC-013, 369 P.3d 1046, clarifying standing in the context of mortgage foreclosure actions, we are called upon to determine whether the district court erred in granting summary judgment to Deutsche Bank Trust Company Americas as Trustee (Deutsche Bank). When Deutsche Bank filed its initial complaint (the Original Complaint) seeking foreclosure on the property from various defendants, including appellant Robert Todd (Todd), it attached an unindorsed note (the Note) payable to First Magnus Financial Corporation (First Magnus), a mortgage (the Mortgage) in favor of First Magnus, and an assignment of mortgage (the Assignment) from Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for First Magnus, to Deutsche Bank.

**{2}** Years later, upon filing its motion for summary judgment, Deutsche Bank provided another copy of the Note that also included a page containing two undated special indorsements, the first indorsement from First Magnus to Residential Funding Company, LLC (Residential Funding) and the second indorsement from Residential

2

Funding to Deutsche Bank. The district court granted summary judgment in favor of Deutsche Bank. The order was upheld even after Todd filed a motion for reconsideration (the Reconsideration), asserting that Deutsche Bank was not entitled to summary judgment as it failed to show whether it had standing and was a holder in due course because the indorsements on the Note were undated. In light of the guidance issued by our Supreme Court in *Johnston*, we reverse the district court's order granting summary judgment to Deutsche Bank, and we remand to the district court for further proceedings because material issues of fact remain unresolved regarding whether Deutsche Bank had standing to foreclose the Note and Mortgage at the time the Original Complaint was filed.

## I. BACKGROUND

{3}     On September 2, 2011, Deutsche Bank filed its Original Complaint seeking to foreclose on Todd's property alleging that the defendants were in default of the Note that was secured by the Mortgage. Deutsche Bank asserted that it was "the owner of the Mortgage and the holder in due course of the Note." It attached the Note, Mortgage, and Assignment. However, the Note attached to the Original Complaint did not contain an indorsement. On February 6, 2012, Deutsche Bank filed a motion to amend its Original Complaint asserting that due to a clerical error, additional defendants, who are not a party in this appeal, were omitted from the Original

Complaint (the Amended Complaint). Again, Deutsche Bank attached the unindorsed Note, Mortgage, and Assignment to the Amended Complaint. Todd answered the Amended Complaint, asserting as an affirmative defense that the Bank "lack[ed] standing . . . as the [A]ssignment . . . was not executed by a person with authority to assign the [M]ortgage."

{4} On March 15, 2013, approximately two years after filing of the Original Complaint, Deutsche Bank moved for summary judgment (the Summary Judgment Motion), asserting that there were no material facts in dispute and that it was "the holder of the Note and Mortgage and [thus] entitled to enforce the subject Note and Mortgage." Attached to the Summary Judgment Motion was an affidavit signed by Justin Cunningham (Cunningham Affidavit), an "[a]uthorized [o]fficer" of the mortgage servicer for Deutsche Bank, stating that Deutsche Bank "was in possession of the original Note at the time of [the] filing of the [c]omplaint . . . and is now in possession of the original Note." Additionally, Deutsche Bank attached another copy of the Note to the Summary Judgment Motion, which included the undated special indorsement from First Magnus to Residential Funding and the undated special indorsement from Residential Funding to Deutsche Bank. Todd responded to the Motion, asserting that Deutsche Bank's standing to file for foreclosure was a material fact in dispute because (1) the Note attached to both the Original Complaint and

Amended Complaint did not contain any indorsements showing that Deutsche Bank was a "holder in due course"; and (2) that on February 16, 2013, Todd received "a letter [(the 2013 Notice Letter) identifying a new servicer and stating that] Residential Funding . . . currently owns the interest in your account." On November 27, 2013, the district court granted the Summary Judgment Motion but granted leave for Todd to examine the original Note for authenticity.

{5}     Todd filed the Reconsideration asserting various factual and legal arguments that addressed the timing and legality of the Assignment and the indorsement of the Note to Deutsche Bank. On March 3, 2014, approximately two months after Todd filed the Reconsideration, our Supreme Court issued its Opinion in *Bank of New York v. Romero (Romero)*, 2014-NMSC-007, 320 P.3d 1. In *Romero*, our Supreme Court determined that an unnamed holder's mere possession of "an unindorsed note made payable to a third party does not establish" an entitlement by the holder to enforce the note. *Id*. ¶ 23. On April 3, 2014, taking into consideration the Supreme Court's recently issued opinion, the district court found *Romero* to be distinguishable and ruled that the note was "properly indorsed specifically to" Deutsche Bank and that Todd did not raise "any issue regarding timing of indorsements in any pleadings." The district court found there to be "no [genuine] issues of material fact to warrant reconsideration[,]" and found that Deutsche Bank had standing to file suit, and denied

Todd's motion for reconsideration, thereby upholding its previous order granting the Summary Judgment Motion. Todd filed a timely appeal.

## II.   DISCUSSION

**{6}**   At the outset, we note that Todd appears to present his brief in chief based upon an erroneous assumption that Deutsche Bank's memorandum in opposition in response to this Court's notice of proposed summary disposition, issued during this Court's summary calendar procedure, was instructive and controlling for the purposes of this appeal. Accordingly, Todd's arguments appear to be framed in response to Deutsche Bank's memorandum in opposition during the summary calendar process. Despite this misunderstanding, we interpret Todd's appellate arguments to be as follows: (1) the Supreme Court's decision in *Romero*, 2014-NMSC-007, and this Court's decision in *Deutsche Bank National Trust Co. v. Beneficial New Mexico Inc. (Beneficial)*, 2014-NMCA-090, 335 P.3d 217, *affirmed in part sub nom. Johnston*, 2016-NMSC-013, should be applied retroactively; (2) the district court's order granting summary judgment should be reversed; and (3) the case should be dismissed with prejudice.

**{7}**   As we previously noted, *Romero* was decided shortly before the district court denied Todd's Reconsideration in favor of Deutsche Bank. 2014-NMSC-007. It concluded that mere possession of a promissory note without a blank indorsement or

special indorsement to the party seeking to enforce the note is not sufficient to establish standing to foreclose against the property that is pledged as collateral for the note. *Id*. ¶¶ 23, 26. Soon thereafter, on May 1, 2014, this Court examined another case and considered the issue of standing in the context of another mortgage foreclosure. *Beneficial*, 2014-NMCA-090, ¶ 1. In *Beneficial* we interpreted *Romero* to hold that standing was "a jurisdictional prerequisite for a cause of action and must be established at the time the complaint is filed." *Beneficial*, 2014-NMCA-090, ¶ 8. We determined that the bank lacked standing to foreclose when, at the time the bank filed its initial complaint, it attached a copy of a note that was unindorsed and the original note was made payable to a third party bank. *Id*. ¶ 9. Then during trial, nearly two years later, the bank "produced a note that was significantly different from the one attached to its complaint . . . [and] included a blank undated indorsement." *Id*. ¶ 10. In *Beneficial*, this Court ultimately determined that "the [b]ank needed to show it possessed the proper supporting documentation when it filed the foreclosure complaint." *Id*. ¶ 13. The bank appealed our ruling in *Beneficial* to our Supreme Court, and the Supreme Court granted certiorari, and renamed the case *Johnston* when it issued its subsequent opinion. *See* 2016-NMSC-013.

{8}     The Supreme Court affirmed the final outcome in *Beneficial* that the bank did not establish standing to foreclose on the property at issue. *Johnston*, 2016-NMSC-

013, ¶ 1 (concluding "that the evidence provided by [the bank] did not establish standing"). However, our Supreme Court reversed our determination that standing is a jurisdictional prerequisite for a cause of action seeking foreclosure. *Id.* ¶ 10 (clarifying that standing is not jurisdictional in a foreclosure action as "the cause of action to enforce a promissory note was not created by statute"). Accordingly, standing in foreclosure cases is a prudential consideration that "can be raised for the first time at any point in an active litigation[.]" *Id.* ¶¶ 10, 18. Our Supreme Court went on to hold that "standing must be established as of the time of filing suit in mortgage foreclosure cases[.]" *Id.* ¶ 20. It clarified that "this [was] not an additional requirement that [was] imposed punitively; it [was] simply a symptom of compliance with long-standing rules." *Id.* ¶ 22 (emphasis omitted). The determination of when a plaintiff was required to prove its standing in a foreclosure action was also clarified as follows: "it is only at trial or in a dispositive motion that plaintiffs are required to prove the necessary elements of their claims, including standing, and that a bare statement that the plaintiff holds the note may satisfy pleading standards [at the time the complaint is filed]." *Id.* ¶ 26 (emphasis, internal quotation marks, and citation omitted). In *Johnston*, our Supreme Court addressed whether the bank had submitted substantial evidence to establish standing at the time the complaint was filed and ultimately determined that the bank failed to present substantial evidence necessary to establish

8

its standing to foreclose. *Id*. ¶¶ 28-32 (recognizing that the unindorsed note attached to its original complaint and the later produced indorsed note that was undated were insufficient to establish standing at the time the bank filed its complaint).

**1.      The Supreme Court's Opinion in *Johnston* is Controlling**

{9}      Both parties in this case have presented arguments regarding whether *Romero*, 2014-NMSC-007, which was filed after the district court granted summary judgment, but before the district court upheld its summary judgment after Reconsideration, and *Beneficial,* 2014-NMCA-090, which was filed after the district court issued its rulings in this case, should be applied retroactively. The Supreme Court's recent decision in *Johnston*, 2016-NMSC-013, concisely resolves this issue.

{10}      In *Johnston*, the Supreme Court made clear the prerequisite that "standing must be established as of the time of filing suit in mortgage foreclosure cases[.]" *Id*. ¶ 20. It noted that the principles of standing are "well-established" and "long-standing rules" that necessitate that standing must be established at the inception of a case but do not create a new requirement, and merely clarify an already existent principle in New Mexico law. *Id*. ¶¶ 20, 22. Accordingly, we recognize the retroactive application of *Romero*, 2014-NMSC-007, as our Supreme Court has determined that standing at the outset of a mortgage foreclosure case is a "long-standing [rule]" and should be applied accordingly. *Johnston*, 2016-NMSC-013, ¶¶ 20, 22; *see Padilla v. Wall*

*Colmonoy Corp.*, 2006-NMCA-137, ¶ 12, 140 N.M. 630, 145 P.3d 110 ("Absent an express statement that limits a decision to prospective application, our Supreme Court has established the presumption that a new rule adopted by a judicial decision in a civil case will operate retroactively." (internal quotation marks and citation omitted)).

**2. Genuine Issues of Material Fact Remain Unresolved and the District Court Erred in Granting Summary Judgment**

{11} "An order granting summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Madrid v. Brinker Rest. Corp.*, 2016-NMSC-003, ¶ 16, 363 P.3d 1197 (internal quotation marks and citation omitted). "Where reasonable minds will not differ as to an issue of material fact, the court may properly grant summary judgment." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971. We review an order granting summary judgment de novo and "resolve all reasonable inferences in favor of the party opposing summary judgment, and we view the pleadings, affidavits, depositions, answers to interrogatories, and admissions in the light most favorable to a trial on the merits."*Madrid*, 2016-NMSC-003, ¶ 16 (internal quotation marks and citation omitted).Traditionally, New Mexico appellate courts disfavor summary judgment and prefer a trial on the merits. *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 8, 148 N.M. 713, 242 P.3d 280.

{12} It is now clear that a plaintiff seeking to foreclose must establish standing at the commencement of its lawsuit. *Johnston*, 2016-NMSC-013, ¶ 10. Our Supreme Court stated that in order "to establish standing we require that a plaintiff show that he or she has actually suffered a direct and concrete injury." *Id*. ¶ 30. In this context, a bank cannot establish standing based solely upon an undated indorsed note, presented after the time it filed the initial complaint for foreclosure. *Id*. ¶ 32. We must examine the evidence presented to determine whether genuine issues of material fact exist regarding whether Deutsche Bank was the holder of the Note at the time the Original Complaint was filed in this case.

{13} Here, our review of the record reveals that when Deutsche Bank filed its Original Complaint, it only attached the unindorsed Note, the Mortgage, and the Assignment. It then filed the Amended Complaint and again attached the Note that lacked an indorsement. It was not until Deutsche Bank filed the Summary Judgment Motion that it attached the Note containing a page with the undated special indorsements. Deutsche Bank also provided the Cunningham Affidavit stating that "[p]laintiff was in possession of the original Note at the time of [the] filing of the Complaint." Although Deutsche Bank capitalized the first letter in the term "complaint" that was referenced in the Cunningham Affidavit, it was neither identified as one of the numerous defined terms within the affidavit nor clarified to relate back

to the filing of a specific complaint—the Original Complaint or the Amended Complaint. We address this summary judgment evidence separately.

{14} Based upon our Supreme Court's holding in *Johnston*, it is clear that the undated indorsements Deutsche Bank attached to the Summary Judgment Motion were insufficient to establish Deutsche Bank's standing at the time the Original Complaint was filed. *Id*. ¶ 32 ("[T]he undated indorsed note that [the bank] presented at trial did not prove that [the bank] had standing when it filed its complaint."). While we recognize that the undated indorsement present in *Johnston* was a blank indorsement, and the indorsements present in this case are special indorsements, this distinction is inconsequential. The undated indorsements, whether blank or special, cannot establish whether Deutsche Bank previously possessed the Note or was entitled to enforce it at the time the Original Complaint was filed. *See id*. ¶ 6; *see also Romero*, 2014-NMSC-007, ¶¶ 24-25 ("A blank indorsement . . . does not identify a person to whom the instrument is payable but instead makes it payable to anyone who holds it as bearer paper. . . . By contrast, a special indorsement identifies a person to whom it makes the instrument payable." (internal quotation marks and citation omitted)). Had Deutsche Bank tendered the specially indorsed Note as an attachment to its Original Complaint, "it would be entitled to a presumption that it could enforce the [N]ote at the time of filing and thereby establish standing." *Johnston*, 2016-NMSC-013, ¶ 25.

12

However, Deutsche Bank did not produce the specially indorsed Note until it filed the Summary Judgment Motion, nearly two years later. As a result, "the subsequent production of [this Note] does not prove that Deutsche Bank possessed the . . . [N]ote *when it filed suit.*" *See id.*

{15} While we do recognize that Deutsche Bank presented the Cunningham Affidavit with its Summary Judgment Motion stating that "[p]laintiff was in possession of the original Note at the time of filing . . . the Complaint," we are reviewing the propriety of summary judgment in this case, and there are ambiguities and genuine issues of material fact that contradict the Cunningham Affidavit. First, the Cunningham Affidavit is not clear as to when Deutsche Bank had possession of the Note in relation to the filing of the Original Complaint or the Amended Complaint. Viewing this ambiguity in the light most favorable to the party opposing summary judgment, the Cunningham Affidavit could be viewed to apply to the Amended Complaint in 2012. Secondly, Todd produced the 2013 Notice Letter from Residential Funding where Residential Funding claimed to be the owner of "the interest in [Todd's] account" in 2013. It is not disputed that Residential Funding was a holder in due course of the Note as reflected by the two special indorsements on the Note that Deutsche Bank attached to its Summary Judgment Motion in 2013. These genuine and material discrepancies, viewed in the light most favorable to the party opposing

summary judgment, would support Todd's position that Deutsche Bank was not the holder of the Note at the time of filing the Original Complaint in 2011. *Id.*, ¶¶ 21-22. As a result of these genuine issues of material fact, Deutsche Bank has not established its standing as a matter of law and summary judgment was improperly granted by the district court. *See Spencer v. Health Force, Inc.*, 2005-NMSC-002, ¶ 26, 137 N.M. 64, 107 P.3d 504 ("Genuine issues of material fact in this case preclude summary judgment.").

**{16}** Furthermore, to the extent that Deutsche Bank challenges Todd's "untimely" production of evidence related to his standing argument, we note that our Supreme Court clearly stated that "[w]hen standing is a prudential consideration," as it is in mortgage foreclosure actions, "it can be raised for the first time at any point in an active litigation[.]" *Johnston*, 2016-NMSC-013, ¶¶ 13, 18. Accordingly, we conclude that Todd properly raised the issue of Deutsche Bank's standing at the summary judgment and Reconsideration stages of this foreclosure litigation.

**3.     Remanded to the District Court**

**{17}** Having determined that standing at the time Deutshe Bank filed its Original Complaint was not established and continues to be in material dispute, we again turn to *Johnston* for guidance regarding the proper disposition in this case. *Id.* ¶¶ 5, 35. In *Johnston*, the Supreme Court did not have other material evidence, such as the

Cunningham Affidavit, to consider when it held that the proper remedy where the bank fails to establish standing would be "to dismiss the case without prejudice." *Id.* ¶ 23. Because the issue of standing remains in material dispute, remand to the district court for further proceedings is the appropriate remedy in this case. *See Maestas v. Zager*, 2007-NMSC-003, ¶ 1, 141 N.M. 154, 152 P.3d 141 (recognizing that remand is the appropriate remedy when summary judgment is reversed and genuine material issues of fact remain unresolved).

## III.    CONCLUSION

{18}    For the foregoing reasons we reverse the district court's order granting summary judgment in favor of Deutsche Bank and remand this matter to the district court for further proceedings.

{19}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**