This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IN THE MATTER OF THE ESTATE**
**OF MARIA ELENA ORTIZ, Deceased,**

**TONY ORTIZ, as Personal Representative**
**of the Estate of Maria Elena Ortiz,**

Petitioner-Appellant,

v.                                                              **NO. A-1-CA-36205**

**PATRICIA Q. BROWN,**

Respondent-Appellee,

and

**RICHARD LOZANO,**

Respondent.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Turner Law Office
Robert F. Turner
Deming, NM

for Appellant

Estrada Law, P.C.
Michele Ungvarsky

Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Petitioner Tony Ortiz appeals the district court's summary judgment ruling that the property in question was held as a tenancy-in-common by Petitioner and his wife, Maria Elena Ortiz (Wife), thereby entitling Respondent Patricia Q. Brown to three-eighths of the property. We reverse and remand the matter to the district court for a trial on the merits. Because this is a memorandum opinion and the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the merits

**BACKGROUND**

{2}     On January 29, 1996, Petitioner and wife purchased property in Las Cruces, New Mexico, as a single man and single woman in joint tenancy. They mortgaged the property on May 30, 1996, as a single man and single woman in tenancy-in-common. Petitioner and wife married each other in 1997. In 2003, the couple refinanced their mortgage and executed a quitclaim deed to themselves as husband and wife on September 8, 2003.

{3} Wife died intestate on May 20, 2008. Respondents, as wife's heirs, filed a notice of claim in probate court, arguing the property was held as a tenancy-in-common, not as community property, and that they were entitled to wife's interest in the property pursuant to NMSA 1978, Section 45-2-102(A)(2) (1975).

{4} The matter was transferred to district court, and Respondents filed a motion for summary judgment on July 22, 2016. Petitioner filed a response to Respondents' motion in which Petitioner argued the property was community property and he should therefore receive wife's interest in the property, pursuant to Section 45-2-102(B). In support of the response, Petitioner filed an affidavit, wherein he stated that he and wife deposited all of their income and earnings into a joint bank account which was then used to pay for the property's earnest money, mortgage, maintenance, taxes, and insurance. Petitioner also stated in his affidavit that, at all times, he and wife had the understanding that the surviving spouse would be the sole owner of the property after the other spouse's death. Petitioner requested that the district court deny Respondents' motion and, arguing that there were no material facts in dispute, asked the district court to grant summary judgment in his favor. Following a hearing on Respondents' motion, the district court granted their motion for summary judgment.

**DISCUSSION**

{5} Petitioner now asks this Court to reverse the district court's entry of summary

judgment for Respondents, and grant summary judgment in his favor. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1-056(C) NMRA. After the moving party makes a prima facie showing that he or she is entitled to summary judgment, the party opposing the motion has the burden to show "by affidavit or other admissible evidence that there is a genuine issue of material fact." *Associated Home & RV Sales, Inc. v. Bank of Belen*, 2013-NMCA-018, ¶ 29, 294 P.3d 1276 (internal quotation marks and citation omitted). "An issue of fact is 'genuine' if the evidence before the court considering a motion for summary judgment would allow a hypothetical fair-minded factfinder to return a verdict favorable to the non-movant on that particular issue of fact." *Id.* ¶ 23 (internal quotation marks and citation omitted). Courts reviewing a motion for summary judgment must review the facts and make all reasonable inferences in the light most favorable to the non-moving party. *Phx. Funding, LLC v. Aurora Loan Servs., LLC*, 2017-NMSC-010, ¶ 17, 390 P.3d 174. We review these questions of law de novo. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Our review is conducted in light of our

4

traditional disfavor of summary judgment and our preference for trials on the merits." *Madrid v. Brinker Rest. Corp.*, 2016-NMSC-003, ¶ 16, 363 P.3d 1197.

{6}    Property acquired by either spouse before marriage is considered separate property. NMSA 1978, § 40-3-8(A)(1) (1990). "Transmutation" describes "arrangements between spouses to convert property from separate property to community property and vice versa." *Allen v. Allen*, 1982-NMSC-118, ¶ 13, 98 N.M. 652, 651 P.2d 1296. "Transmutation must be proven by clear and convincing evidence of spousal intent to do so." *Gabriele v. Gabriele*, No. A-1-CA-34523, 2018 WL 797270, ___-NMCA-___, ¶ 21, ___ P.3d ___ (Jan. 31, 2018) (internal quotation marks and citation omitted). A spouse's statement that he or she intended to transfer the property to community property is evidence of his or her intent to do so. *See Macias v. Macias*, 1998-NMCA-170, ¶ 14, 126 N.M. 303, 968 P.2d 814 (suggesting a spouse's expression of her intention to transfer separate property into community property is evidence of intent to transmute).

{7}    In the absence of a clear statement of intent to transmute, a court may consider a deed, another document showing joint title, or a mortgage note as evidence of such intent. *Id*. ¶ 13. The use of community funds—separate funds deposited into a joint account after marriage that cannot be clearly traced or identified, *Wiggins v. Rush*, 1971-NMSC-092, ¶ 13, 83 N.M. 133, 489 P.2d 641—to pay for the property's

mortgage, upkeep, and taxes is also evidence of intent to transmute the property into community property, *Macias*, 1998-NMCA-170, ¶ 19. While these two factors, individually, are not sufficient to prove transmutation by clear and convincing evidence, *see Allen*, 1982-NMSC-118, ¶¶ 12, 14 (holding that transmutation was not established when solely presented with a quitclaim deed transferring property to both spouses); *Macias*, 1998-NMCA-170, ¶ 19 (holding that the use of community funds to pay for a property's mortgage, upkeep, and taxes is insufficient, on its own, to establish transmutation), they may nonetheless be considered collectively as evidence of spousal intent. *Macias*, 1998-NMCA-170, ¶ 16.

**{8}** We conclude the district court erred in granting Respondents' motion for summary judgment. In its ruling, the district court relied solely on the quitclaim deed executed on September 8, 2003, as evidence of spousal intent to transmute. However, Petitioner presented additional evidence to establish wife's intent to transmute the property. Petitioner and wife's joint title, use of community funds, and mutual understanding surrounding the property, taken collectively and viewed in the light most favorable to Petitioner, would allow a fact-finder to find that there was transmutation by clear and convincing evidence.

{9}     There being a genuine issue of material fact concerning wife's intent, we hold the district court's order granting summary judgment in Respondents favor must be reversed. We therefore reverse and remand the matter for a trial on the merits.

**CONCLUSION**

{10}     The district court order granting Respondents summary judgment is reversed.

{11}     **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____
**EMIL J. KIEHNE, Judge**